GEORGE W. W. DOVE & others *vs.* GEORGE H. TORR.

Essex. November 7. — 12, 1879. COLT & AMES, JJ., absent.

A testator, after devising the residue of his real estate to his daughters and the survivor of them until death or marriage, provided that, "after the marriage or death of my surviving daughter taking under this item, the estate herein devised shall descend to those persons who may then be entitled to take the same as my heirs." *Held*, that the devise over was to those who were the heirs of the testator at the time of his death.

CONTRACT by the heirs at law of John Dove, deceased, upon a written agreement, dated June 21, 1879, by the terms of which the plaintiffs agreed to sell and the defendant agreed to buy a parcel of land in Andover; the plaintiffs, within one week from the date of the agreement, to convey said land in fee simple to

the defendant free from all incumbrances by a good and sufficient warranty deed; and the defendant to pay the plaintiffs $100 upon the delivery of the deed. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court on appeal, on an agreed statement of facts in substance as follows:

The agreement declared on was duly made between the plaintiffs and the defendant; and a deed of the land named therein properly executed and acknowledged by the plaintiffs was tendered by them to the defendant within one week from the date of the agreement. John Dove died in 1876, seised in fee simple of the land described in the agreement, and leaving a will, the sixth clause of which was as follows: " Sixth. I devise to those of my daughters who shall not have married at my decease all the residue of my real estate, to have and to hold the same to them and the survivor of them for their lives and during the life of such survivor, they and the survivor of them continuing unmarried. The marriage of any one of my daughters who take under this item shall terminate her interest and life estate under this devise. After the marriage or death of my surviving daughter taking under this item, the estate herein devised shall descend to those persons who may then be entitled to take the same as my heirs." The land described in the agreement is part of the residue of the estate under the above clause; and is not needed for the payment of debts and legacies. Two of the plaintiffs were the only daughters of John Dove who had not married at the time of his decease, and they have not since married; and no conveyance or other incumbrance has been made or suffered by any of the plaintiffs since the decease of the testator. The defendant refused to accept the deed on the sole ground that, under the sixth clause of the will, the deed did not convey a good title.

If, upon the foregoing facts, the deed conveyed the title called for by the agreement, judgment was to be entered for the plaintiffs for $50; otherwise, for the defendant.

*S. Lincoln, Jr.,* (*S. B. Ives, Jr.* with him,) for the plaintiffs.

*L. S. Tuckerman,* for the defendant.

GRAY, C. J. The decision of this case depends upon the true construction of that clause of the will of John Dove by

which, after devising the residue of his real estate to his daugh‑ters and the survivor of them until death or marriage, he pro‑vides as follows : "After the marriage or death of my surviving daughter taking under this item, the estate herein devised shall descend to those persons who may then be entitled to take the same as my heirs."

The word "then" is here inserted, not as in *Long* v. *Black‑all*, 3 Ves. 486, in *Sears* v. *Russell*, 8 Gray, 86, and in *Thomson* v. *Luddington*, 104 Mass. 193, by way of description of the persons who are to take, but by way of defining the time when they shall come into the enjoyment of that which is devised to them. The word "surviving" is not superadded, as in *Hulburt* v. *Emerson*, 16 Mass. 241, and in *Olney* v. *Hull*, 21 Pick. 311 ; nor is the devise to those who would have been the testator's heirs at law if he had died at that time. But the testator declares it to be his will that the estate "shall descend to those per‑sons who may then be entitled to take the same as my heirs." A devise to "heirs," or "heirs at law," is always construed as referring to those who are such at the time of the testator's death, unless a different intent is plainly manifested by the will. *Abbott* v. *Bradstreet*, 3 Allen, 587. *Minot* v. *Tappan*, 122 Mass. 535. The application of this rule to the present case is fortified by the use of the word "descend," which ordinarily denotes the vesting of the estate by operation of law in the heirs immedi‑ately upon the death of the ancestor. Upon a view of the whole clause, we are of opinion that it manifests the intention of the testator to have been, that, after the particular estates which he had specifically given by his will should have failed, the law should take its course, and his estate go to his heirs, as if he had made no further disposition. *Bullock* v. *Downes*, 9 H. L. Cas. 1. *Mortimer* v. *Slater*, 7 Ch. D. 322 ; *S. C. nom. Mortimore* v. *Mortimore*, 4 App. Cas. 448.        *Judgment affirmed.*