# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### JUNE TERM, 1922.

In the matter of the estate of THOMAS BUZBY, deceased.

[Decided November 20th, 1922.]

1. Where words of inheritance are used in a will to indicate the beneficiaries of the testator's personal estate, his next of kin are intended.

2. The policy of the law requires that legacies be held to be vested rather than contingent unless such holding is clearly inconsistent with the testator's intention.

3. When the absolute property in a fund is bequeathed in fractional interests in succession at periods which must arrive, the interests of the first and subsequent takers vest together, unless a contrary purpose is apparent from the language of the will.

4. In a bequest to the testator's next of kin, those standing in that relation to him at the time of his death are the persons intended.

On appeal from a decree of the prerogative court advised by Vice-Ordinary Leaming, whose opinion is reported in *93 N. J. Eq. 411.*

In re Buzby.    •    *94 N. J. Eq.*

*Mr. William M. Clevenger,* for the respondent.

*Messrs. Leap, Sharpless & Way,* for the appellant.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

Thomas Buzby died in 1901, leaving surviving him his widow and three children. He left a will, by the terms of which he disposed of his residuary personal estate in the following words:

> "I give and bequeath unto my beloved wife during her natural life, or while she remains my widow, all and singular the residue of all my personal estate of whatsoever kind I may be possessed of at the time of my decease, and after her death or marriage, to such person or persons as would by law inherit the same."

His widow died in March, 1921, never having remarried. Two of the testator's children survived her, and the third died during her lifetime, leaving a will, by which she bequeathed all her interest in her father's estate to her husband. Upon the final accounting of the testator's estate it was insisted before the orphans court of Cape May county (the testator having been a resident of that county at the time of his death), on the part of her husband, that he was entitled to her share of the estate. The two living children resisted this contention, asserting that they alone were entitled to share in the distribution. The orphans court considered that the deceased daughter had taken an interest in the estate of her father, which vested in her at his death, and that therefore her husband was entitled to receive her share in that estate. From the order entered on this finding, the two living children appealed, and on the hearing of that appeal the order of distribution was reversed, upon the ground that the deceased daughter's share in her father's estate was contingent upon her surviving his widow. From that order of reversal the present appeal is taken.

It is very properly conceded that the testator intended. that the estate in remainder should go to his next of kin, notwithstanding the use of the word "inherit;" for it is a settled rule of construction that, where words of inheritance are used by a testator in his will to indicate the persons who are to be the beneficiaries of his personal estate, the next of kin are intended. The cases establishing this rule in our courts are cited in the opinion of the learned vice-ordinary. The question for decision, therefore, is whether the gift of the remainder to testator's next of kin was intended to be vested or contingent; that is, whether it was intended that those of his children who survived him, or their next of kin or legatees, in case of death during the life of the widow, or before her remarriage, should take after the happening of the one or the other of these events, or whether he intended that only those of his children who should be living at the time of the widow's death or remarriage should share in the distribution.

The policy of the law requires that legacies in all cases, unless clearly inconsistent with the intention of the testator, should be held to be vested rather than contingent. *Van Dyke's Admr.* v. *Vanderpool's Admr., 14 N. J. Eq. 198; Neilson* v. *Bishop, 45 N. J. Eq. 473; Clark* v. *Morehouse, 74 N. J. Eq. 658.* And so, in furtherance of this policy, it is gnerally held that when the absolute property in a fund is bequeathed in fractional interests in succession at periods which must arrive, the interests of the first and subsequent takers will vest together; and this rule of construction is always applied when it is apparent from the terms of the will that a future gift is postponed to let in some other interest, such as a life estate. *Howell, Exr.,* v. *Green, Admr., 31 N. J. Law 570; Tuttle* v. *Woolworth, 62 N. J. Eq. 532; Kinkead* v. *Ryan, 64 N. J. Eq. 454; Clement* v. *Creveling, 83 N. J. Eq. 318.* A devise or bequest in a will, giving a life estate to the widow with remainder to the next of kin, is equivalent to saying, "I give this property to my wife and next of kin, she to have it during her life and they to have it after her death." *Howell, Exr.,* v. *Green, Admr., supra.*

But this rule does not apply where it is apparent from the language of the will that it was the testator's purpose that the gift of the remainder should not vest until after the remarriage or death of the life tenant; and it is argued by counsel for the respondent, and it was considered by the vice-ordinary, that such an intention appeared from the use of the words "to such person or persons as would by law inherit the same," in describing the legatees who should receive the estate at the death or remarriage of testator's widow. In so holding, the learned vice-chancellor followed a recent decision of the court of chancery in the case of *American Builders' Corporation* v. *Galligan, 93 N. J. Eq. 51,* the theory of that decision being that the use of the word "would." in the clause, "would by law inherit," imported the death of the life tenant as the time referred to by the testator for the vesting of the estate in remainder. We cannot concur in this view. The persons who "would by law inherit" a testator's estate are those who would take it under the statute of descents or the statute of distributions in case he had died intestate. Such persons take by law and not by devise or bequest. Substituting for the words used their equivalent, the bequest of the estate in remainder is "to those who would take under the statute of distributions in the event of my dying intestate," as to the estate in remainder; in other words, "my children, who are my next of kin." The legal relation or status of heirs-at-law and next of kin arises immediately upon the death of the ancestor; and, therefore, in a bequest by a testator to his next of kin, those standing in that relation at the time of his death are the persons intended. *Tuttle* v. *Woolworth, supra, 538.* The testator having bequeathed his residuary personal estate to his wife and children, and there being nothing in the language used by him to indicate that the gift to his children should not vest until after their mother's remarriage or death, the general rule of construction is applicable; and, this being so, the decree under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—12.