# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### MARCH TERM, 1923.

---

AMERICAN BUILDERS CORPORATION, appellant,

*v.*

THOMAS F. GALLIGAN et al., respondents.

[Decided June 18th, 1923.]

1. A testator gave his residuary real estate to his living brothers and sisters for their lives as joint tenants, and provided that after the decease of the last survivor of them, what remained should go "to such persons as would by law inherit the same, to them and their heirs and assigns forever."—*Held*, that under such a devise the estate in remainder vests at the death of the testator in those who were at that time his heirs-at-law—that is, his living brothers and sisters and the children of a deceased brother, unless it is apparent from the language of the will itself that it was the purpose of the testator that the gift of the remainder should not vest until after the death of the last surviving joint tenant.

2. The fact that life tenants are among the heirs-at-law of a testator does not of itself indicate a purpose to postpone the vesting of the estate.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, whose opinion is reported in *93 N. J. Eq. 51.*

*Messrs. Harrison & Roche,* for the appellant.

*Mr. Walter G. Brandley,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed by the American Builders Corporation to compel the specific performance of a written agreement for the sale of certain lands located in the borough of West Caldwell, the complainant being the vendor and the defendants the vendees. The defendants admitted the making of the agreement and their refusal to accept a conveyance of the lands described therein, but contended that they were under no legal obligation to perform the contract by reason of the fact that the title of the complainant was not a marketable one.

The agreed-upon facts are as follows: In 1888, one Owen M. Beach died seized of the lands involved in the present litigation, leaving a will, by which he disposed of these lands under the residuary clause thereof. By that clause he gave and devised unto his brothers, Erastus, Cyrus and Joseph, and his sisters, Jennie and Ella, all his residuary real and personal estate during their natural lives as joint tenants and not tenants in common, and provided that as each one died his or her share should lapse and become part of the estate and be divided among the survivors. He then provided that after the decease of the last survivor of his brothers and sisters and his mother (who died in 1889) what remained of the residuary estate should go "to such persons as would by law inherit the same, to them and their heirs and assigns forever." His heirs-at-law at the time of his death consisted of his brothers and sisters named in the residuary clause, and also the children of a deceased brother, Augustus.

In January, 1912, all of the decedent's heirs-at-law, except Joseph, executed a deed of conveyance to the latter of all the lands passing under the residuary clause, in trust, to market the property at such times and in such parcels as he should deem best for the interests of himself and of the grantors, and to divide the proceeds of the sales as they were made among the heirs in equal shares, *per stirpes*. In the execution of this trust, Joseph, in April, 1920, conveyed the lands to the complainant below; and the question for determination is whether this conveyance vested in the complainant a marketable title, the contention on the part of the defendants being that the testator, Owen M. Beach, by devising a life estate to his brothers and sisters, and then providing that the estate in remainder should pass, after the death of the last survivor of the life tenants, to such persons as would by law inherit the lands, intended that the estate in remainder should pass to those who should be his heirs-at-law at the death of the last life tenant, and not to those who were his heirs-at-law at the time of his own death. The learned vice-chancellor before whom the cause was heard took this view, and held that, as the estate in remainder did not vest until the death of the last life tenant, the parties entitled thereto could not be determined so long as the life estate existed, and that therefore the title of the complainant was not a marketable one. For this reason, he advised a decree dismissing the bill, and the complainant has appealed.

At the last June term of this court (*In the matter of the Buzby Estate*), we were called upon to determine the construction of a residuary clause somewhat similar in its language to that contained in the will now before us. *118 Atl. Rep. 835; 94 N. J. Eq. 151.* In that case the testator gave his residuary personal estate to his wife so long as she remained his widow, and then provided that after the death or remarriage that estate should pass "to such person or persons as would by law inherit the same." The conclusion we then reached was that the effect of the words used in passing the estate in remainder was to vest that estate at the death

of the testator in those who were at that time his next of kin, considering that the general rule in cases of this kind, namely, that where the absolute property in an estate is bequeathed in fractional interests in succession during periods which must arrive, the interest of the first and subsequent takers will vest together, was applicable. We there pointed out, however, that this rule is not universal in its scope, and does not apply where it is apparent from the language of the will itself that it was the purpose of the testator that the gift of the remainder should not vest until after the expiration of the life tenancy. The question presently presented for solution, therefore, is whether, notwithstanding the use of the same words by each of the testators, in disposing of these estates in remainder, there is anything in the language of the present will which makes our decision in the earlier case non-applicable.

It is admitted that there is nothing outside of the residuary clause itself indicative of a purpose to create a contingent rather than a vested estate in remainder. This being so, does the fact that the life tenants are among the heirs-at-law of the testator indicate such a purpose—that is, that those of them who were nearest to him in blood should only take a life interest in his property, and that after the death of the last survivor of them this property should go to those who at that time should be the testator's heirs-at-law: in other words, to those of the children of the several life tenants who should be then living, and to those of the children of his deceased brother, Augustus, who should be living at that time? To us such an intention seems an unnatural one, and it is not *apparent* from the language used. Nor, as we think, can it reasonably be inferred from the words of the devise. As we see it, the primary object of the testator was to insure to each of his brothers and sisters the user of that property so long as any of them might survive and desire to continue in the enjoyment thereof, and that such enjoyment should not be subject to interference by any one of them as against another. The language used by the testator is apt to express this pur-

pose, but it is not suggestive of a purpose to prevent all of those who would be his heirs-at-law at the time of his death from disposing of the estate at their common will, by the drastic method of partially disinheriting them. The present case is somewhat like that of *Dove* v. *Torr, 128 Mass. 38,* where the testator devised his residuary estate to his two daughters and the survivor of them until death or marriage, and then provided that *after* the death or marriage of the surviving daughter the estate should descend "to those persons who may be entitled to take the same as my heirs." A process of reasoning similar to that which we have indicated led the court to hold that, notwithstanding the fact that among his heirs-at-law at the time of testator's death were the two daughters to whom the life estate was devised, the estate in remainder vested at that time, and that the two daughters were entitled to share therein. We are content to follow the doctrine of the cited case, and hold that the legal rule exploited *In re Buzby Estate* is equally applicable to the will now before us. This being so, we consider that the title of the complainant is a marketable one, and that the defendants should be decreed to specifically perform their contract.

The decree under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK—12.