FLORENCE J. MCCARTHY et als.

*vs.*

LOUIS S. WALSH, SPEC. ADM'R. & EX'R. et als.

Cumberland.    Opinion October 20, 1923.

*A devise of a life estate in all the estate to the wife, if she survives testator, and a further
provision that, at the death of the wife, after payment of numerous legacies, all the
rest, residue and remainder of the estate should "be disposed of according to
the laws of inheritance of the State of Maine in force at the date there-
of," the wife having survived the testator and died testate, does not
give any interest in the residuary estate to the widow which
could pass by her will to the beneficiaries named therein,
the heirs at law and next of kin of the testator takes
the entire residue and remainder of the estate.*

In the instant case the testator devised to A certain real estate, "to have and to
hold to her, her heirs and assigns forever;" then followed these words: "If,
however, she shall die without leaving lawful issue then I give and devise said
land and buildings to the surviving sons of my said nephew, B, in equal shares
the child or children of any deceased son to take by right of representation,
to have and to hold to them and their heirs and assigns forever."

The words, "if she shall die without leaving lawful issue," must be construed to
mean an indefinite failure of issue, and that A takes an estate in fee tail.

The legacy to the Reverend John O'Dowd did not lapse upon the death of the
legatee in the lifetime of the testator; a valid trust was created, and a trustee
should be appointed to administer the trust.

On report.    This is a bill in equity seeking the construction and
interpretation of Paragraph 2, and Subdivisions (c), (e) and (h)
thereunder of the will of Charles McCarthy, Jr., late of Portland,
deceased.

The principal question involved was as to whether the widow,
Elizabeth G. McCarthy, took a share of the residue and remainder
of the estate in full ownership in addition to a life estate in the entire
estate.    Paragraph 2 reads as follows:    "I give, devise and bequeath
to my beloved wife, Elisabeth G. McCarthy, if living at my decease,

the income of all of my estate of every name and description and wherever and however situate, to be used and enjoyed by her during her natural life.  At her death, or if she be not living, at my decease, said estate is to be disposed of as follows:"—Then follow certain legacies not involved in the questions at issue.  The residuary clause, Subdivision (h), Paragraph 2, reads as follows: "All the rest, residue and remainder of my estate of every name and nature, and wherever and however situate, including any of the foregoing legacies which may lapse or fail for any reason whatsoever, I direct shall be disposed of according to the laws of inheritance of the State of Maine in force at date hereof."  A hearing was had upon the bill and answer and by agreement of the parties the cause was reported to the Law Court.  Bill sustained.  Decree in accordance with opinion.

The case is fully stated in the opinion.

Strout & Strout, for complainants.

Cook, Hutchinson & Pierce; Snow & Snow and C. L. & P. E. Donahue, for respondents.

SITTING:  CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

MORRILL, J.  All parties to this proceeding seek interpretations of portions of the will of Charles McCarthy, Jr., late of Portland, deceased, who died April 2, 1921, viz.:

"SECOND:  I give, devise and bequeath to my beloved wife, Elizabeth G. McCarthy, if living at my decease, the income of all my estate, of every name and description, wherever and however situated, to be used and enjoyed by her during her natural life.  At her death, or if she be not living at my decease, said estate is to be disposed of as follows, viz.:"

Then follow certain provisions designated by letters as subdivisions of the above item, of which those marked (c), and part of (e), and the final provision (h) are in question, as follows:

"(c)  I give, and devise to Elizabeth B. Dunphy, who has been reared in my family since her childhood, land and buildings at 574 Congress Street in said Portland, now under lease to Libby & Chipman, to have and to hold to her, her heirs and assigns forever. If, however, she shall die without leaving lawful issue then I give

and devise said land and buildings to the surviving sons of my said nephew, Florence J. McCarthy, in equal shares, the child or children of any deceased son to take by right of representation, to have and to hold to them and their heirs and assigns forever."

"(e)  I give  *  *  *  *  to the Reverend John O'Dowd, pastor of the Church of the Sacred Heart, situated in said Portland, One Thousand (1,000) Dollars, to be used in the purchase of stained glass windows for that church, the latter gift upon condition that the said Reverend John O'Dowd celebrate or cause to be celebrated a mass once a week for the repose of the souls of myself and my beloved wife Elizabeth during his pastorate of that church."

"(h)  All the rest, residue and remainder of my estate, of every name and nature and wherever and however situated, including any of the foregoing legacies which may lapse or fail for any reason whatsoever, I direct shall be disposed of according to the laws of inheritance of the State of Maine in force at date hereof."

The cause is submitted upon the bill, the truth of the facts therein stated being admitted, the answer of David W. Snow and Edward Duddy, Executors of the will, who disclaim any interest in the controversy, and a decree taking the bill pro confesso against certain defendants.

It appears from the bill that said Snow and Duddy "turned over to Louis S. Walsh, conservator of the estate of the life tenant, Elizabeth G. McCarthy, the whole of said estate of Charles McCarthy, Junior, as set out in their several accounts filed and allowed in the Probate Court for said County of Cumberland, their third and final account as such executors being allowed by said Court on July 31, 1922;" that the "said Elizabeth G. McCarthy, life tenant under the will of said Charles McCarthy, Junior, died on the tenth day of January, A. D. 1923, and the said Louis S. Walsh was appointed and qualified as special administrator of her estate on the first day of March, 1923, pending the probate of her said will. In such capacity he now holds the whole of the estate of Charles McCarthy, Junior, which was formerly held by him as conservator of the estate of said Elizabeth G. McCarthy during her said life tenancy."

The said defendants, Snow and Duddy, are properly made parties to this bill, because, upon renewing their bond to the Judge of Probate, they are entitled to receive, as executors of the will of Charles McCarthy, Jr., from the conservator of the estate of the life tenant,

Elizabeth G. McCarthy, upon the settlement of his account in the Probate Court, the estate of Charles McCarthy, Jr., so turned over to him, and should distribute the same according to said will.

The court is asked to construe and interpret the provisions of said will before quoted, and particularly to determine:—

FIRST: Whether or not the said Elizabeth Kelleher, Mary Plane and Joanna McCarthy Ferris, and Florence J. McCarthy, nieces and nephew, the heirs at law and next of kin of said Charles McCarthy, Junior, take the whole of the said residue and remainder of the estate of said Charles McCarthy, Junior, and if not what share of said residue and remainder they are entitled to, and what person or persons are entitled to the balance of said residue.

The plaintiffs contend that the next of kin above named are the only persons interested under said residuary clause, and that the representatives of the estate of Elizabeth G. McCarthy, the widow, who took a life estate in the entire estate of Charles McCarthy, Jr., have no interest under the residuary clause.

The special administrator of the estate, and executor of the will, of the widow, and her next of kin claim that R. S., 1903, Chap. 77, Sec. 1 furnishes the rule for the distribution of the residuary estate, and that Mrs. McCarthy took under the will of her husband not only a life estate in his entire estate, but also a vested remainder in one half of the residue, which now passes under her will to her legatees and devisees.

If this construction is correct, it is apparent that both she and her next of kin would take under the residuary clause only in case she survived her husband; upon the theory of her personal representative and the legatees under her will, if she survived her husband, the residuary estate would be distributed under Paragraphs I and VI of Section 1 of Chapter 77; if she did not survive him, it would be distributed under Paragraph VI alone. If the testator intended that his wife's next of kin or legatees should share in his residuary estate, it is worthy of note that he did not provide against the above result.

It is familiar law and not disputed, that the intention of the testator collected from the whole will and all the papers which constitute the testamentary act, is to govern; that the intent is to be sought in the will as expressed. The language of Mr. Justice Miller in *Clark* v. *Boorman's Executors*, 18 Wall., 493, is so pertinent that we quote: "It may well be doubted if any other source of enlighten-

ment in the construction of a will is of much assistance than the application of natural reason to the language of the instrument, under the light which may be thrown upon the intent of the testator by the extrinsic circumstances surrounding its execution and connecting the parties and the property devised with the testator and with the instrument itself."

The cases cited by counsel, and such as we have found, do not afford much aid. Counsel for the executor of Mrs. McCarthy's will relies much upon *Carver* v. *Wright*, 119 Maine, 185, as sustaining his claim of a vested remainder; that case did hold that the will there under consideration created a vested remainder in favor of the testator's "children," and that there was no legal inconsistency in the life tenant taking also a share in the vested remainder; but the case does not aid us in determining the intention of the testator when he used the words, "according to the laws of inheritance of the State of Maine." Nor do the cases from Massachusetts cited at the close of that opinion aid us; they hold that a bequest or devise of a remainder, after a life estate, to the heirs at law of the testator, goes to those who are such at the testator's death; that is the general rule unless a different intent is plainly manifested by the will. *Dove* v. *Torr*, 128 Mass., 38.

The brief of counsel says: "It is the case of a gift of a life estate to the testator's wife, Elizabeth G. McCarthy, with a remainder of the residue over to a definite class of persons. Those who constitute the class at the death of the testator take unless the will shows clearly a different intention," citing *Carver* v. *Wright*, and cases there cited. The will before us does not expressly create a class of persons, consisting of testator's widow and heirs; and in the absence of such express creation of such a class, the widow cannot be said to be, or be placed by law, in a class with the testator's heirs. Both before and since the Statute of 1895, Chapter 157, the widow is not the heir of her deceased husband. *Lord* v. *Bourne*, 63 Maine, 368. *Golder* v. *Golder*, 95 Maine, 261. *Herrick* v. *Low*, 103 Maine, 353. *Morse* v. *Ballou*, 112 Maine, 127. "The statute does not change the status of the widow with reference to her deceased husband's estate. It enlarges her interest by giving her an estate in fee instead of an estate for life. She still takes not as heir, but as widow." *Golder* v. *Golder*, supra. An Androscoggin County case, *Clark* v. *Dixon et als.*, decided in 1915, involved a will by which a testatrix created a trust

for the benefit of her husband, and provided that at the termination of the trust the trustee should "then divide said trust fund then existing among my then living heirs according to the laws of descent in this State." At the termination of the trust the husband was living and claimed a share of the fund. The late Chief Justice SAVAGE held in a careful opinion that the husband was not entitled thereto, upon the authority of *Morse* v. *Ballou,* supra. In *Cheney* v. *Cheney,* 110. Maine, 61, this court held that it was "evidently the primary intention of the legislature, in enacting this chapter (P. L. 1895, chap. 157) to change the quality of the estate to which a widow was entitled under the law of dower, from a life estate to an estate in fee, and in other respects neither to increase nor diminish the attributes of the estate;" . . . . "that when the statute of 1895 became a law, the only change the legislature intended to make, or in the use of the language employed, did make, was to enlarge the interest of the widow by giving her an estate in fee instead of an estate for life. In all other respects . . . . her interest in the lands of her husband was not affected, nor were her rights in the personal estate of her husband altered in the least."

The case of *Proctor* v. *Clark,* 154 Mass., 45, does not aid the contention of the representatives of the widow, because under the decisions of that court, as to the interest, which the widow takes in fee in the real estate of her husband, to the amount of five thousand. dollars, she is regarded as a "statutory heir," (*Lavery* v. *Egan,* 143 Mass., 389, 392. *Lincoln* v. *Perry,* 149 Mass., 368, 374) a status which our decisions do not recognize.

It is clear, therefore, that if the testator used the words "according to the laws of inheritance of the State of Maine," with the intention of restricting the takers to his heirs, the widow was not included.

We return to the primary inquiry: What was the testator's intention? In common parlance, when we speak of one as inheriting an estate, we refer to one upon whom the estate devolves as an heir; such is the derivative meaning from the Latin; such is the meaning given by the lexicographers: Webster's Dictionary; Century Dictionary; New Standard Dictionary; "Inherit." "Inheritance" is defined in Webster's Dictionary as a perpetual or continuing right to an estate in a man and his heirs. Bouvier's Law Dictionary states that the word "inheritance" includes "all methods by which

a child or relation takes property from another at his death, except by devise." In ordinary speech we do not say that a wife inherits from her husband.

Counsel contend that the testator used the word "inheritance" as synonymous with succession, descent and distribution. It is frequently so used, and as applied to personal property it can mean nothing else than to signify succession. Bouvier's Law Dict. "Inheritance." It is worthy of note, however, that the testator did not use the phrase "laws of descent," which would have clearly indicated R. S., 1903, Chap. 77, Sec. 1; in that section the verb "inherit," or the noun, "inheritance" do not appear except in Clause VII, where the word "inherited" is used in its strictly accurate sense, referring to property received by a minor child from his or her parent by operation of law.

A study of this will discloses that it was drafted with great care by one who knew the legal effect of the language used, and how to accurately express the intention of the testator. We are convinced that the testator used the words "laws of inheritance," not as synonymous with "laws of descent," but as indicating the rules then in force in Maine under which real estate devolves from the last holder to his heirs by operation of law, thus using the words in a strictly accurate sense as well as in accordance with common usage; there is nothing in the will to indicate a broader meaning. Recent New Jersey cases, *In re Buzby's Estate*, 118 Atl., 835 and *American Builders' Corp.* v. *Galligan et als.*, 121 Atl., 595, sustain such application of the word "inherit" to both real and personal estate; it is said in the former case to be "a settled rule of construction that where words of inheritance are used by a testator in his will to indicate the persons who are to be the beneficiaries of his personal estate, the next of kin are intended." In the first of these cases the residuary personal estate was bequeathed "to such person or persons as would by law inherit the same;" and in the second case the residuary estate was to go "to such persons as would by law inherit the same, to them and their heirs and assigns forever."

Accordingly, we hold that the widow, Elizabeth G. McCarthy, did not take a share of the residuary estate, and that the heirs at law and next of kin of the testator, viz.: Elizabeth Kelleher, Mary Plane, Joanna McCarthy Ferris and Florence J. McCarthy, take the whole thereof.

SECOND: Whether under said Paragraph 2, Subdivision (c) Elizabeth B. Dunphy takes a fee, simple, absolute and unconditional, in land and buildings at 574 Congress Street, or whether she takes a lesser estate, and if she takes a lesser estate, the nature and extent thereof, and what person or persons or class of persons are entitled thereto at the termination of her said estate.

The contention of the plaintiffs is that the testator, by the use of the words, "if she shall die without leaving lawful issue," intended a definite failure of issue, a failure at the time of Miss Dunphy's death, and that the devise over should be given effect as an executory devise. Counsel for Miss Dunphy contend that the language used must be construed, in accordance with established rules of law, as meaning an indefinite failure of issue and as vesting in Miss Dunphy an estate in fee tail, and that the devise over takes effect as a remainder.

To adopt the contention of plaintiffs will disregard the definite legal meaning which the language used has acquired by judicial determination, thus becoming a rule of property. *Gilkie* v. *Marsh,* 186 Mass., 336. *Burrough et ux.* v. *Foster,* 5 R. I., 534, 539. *Arnold* v. *Muhlenberg College,* 227 Pa. St., 321, 324.

We are unable to distinguish this case from carefully considered cases heretofore decided by this court, *Fisk* v. *Keene,* 35 Maine, 349, *Richardson* v. *Richardson,* 80 Maine, 585, *Skofield* v. *Litchfield,* 116 Maine, 440, and are of the opinion that it is ruled by them. We discover nothing in the will which discloses that the words, "shall die without leaving lawful issue," mean other than an indefinite failure of issue.

We therefore hold that Elizabeth B. Dunphy takes an estate in fee tail.

THIRD: Whether or not under Paragraph 2, Subdivision (e) of said will the legacy bequeathed to Reverend John O'Dowd has lapsed and becomes a part of the general rest, residue and remainder of said estate, and if not what person or persons are entitled to same.

Counsel do not question that a valid bequest in trust to Rev. John O'Dowd was made by the paragraph referred to, and that it did not lapse at the death of trustee in the lifetime of the testator. A new trustee may be appointed to administer the trust, as was done in *Dupont* v. *Pelletier et als.,* 120 Maine, 114, and it seems proper that

the pastor of the Church of the Sacred Heart, in Portland, be appointed to the trust.

> *Bill sustained.*
> *Decree in accordance*
> *with opinion.*