The will of Joseph West, deceased, provides, inter alia — *Page 36 
"I hereby authorize them [executors] to sell [describing lands not here involved]; also a tract or parcel of land situated in the city of Newark, New Jersey, running from Belleville avenue to Mount Prospect avenue, containing nearly twelve acres of land. The whole front, which is left after opening street on Belleville avenue, and to the depth of about one-half of said ground, to be leased by my executors for twenty-one years with a renewal of twenty-one years. The net income to be divided equally between my daughters Mary L. and Josephine S. West during their life separate and apart from their husbands, at their decease totheir lawful heirs. The rear half on Belleville avenue to be sold, and, after paying taxes and assessments, the balance to be invested on bond and mortgage."
In Tyndale v. McLaughlin, 84 N.J. Eq. 652, the foregoing was construed, and it was held that the daughters were entitled to the income, during the leasehold, of that portion of the tract directed to be leased by the executors; that, as the term had expired, they held a life tenancy in common in the land, and that by the true meaning of the words "at their decease to their lawful heirs" the fee vested in their heirs — then, presumably, the therein defendant, nephews and nieces of the testator, and the next of kin of the daughters. The defendants there are the respondents here. The land has since been sold under an order to sell lands limited over, and the proceeds are in court. Mary L. (West) Tyndale died recently without issue, and her sister, Josephine, petitioned for one-half of the fund as her "lawful heir," within the meaning of the will The matter was referred to a master, who reported adversely to the prayer of the petition, to which an exception was filed.
The respondents, who lay claim to the whole of the fund as prospective remaindermen, set up that the decree in Tyndale v.McLaughlin is res adjudicata, and so the master thought. That is not so. In the former action the daughters, as the life tenants, were charged with waste, to which they replied, that under the will they took an estate in fee under the rule inShelley's Case, and/or that the testator died intestate as to the remainder, and they took by descent, and, consequently, that the nephews and nieces had no standing to complain. The point decided was that the daughters were not owners in fee, and that the nephews and nieces as heirs *Page 37 
presumptive of the testator's daughters had a standing to call the life tenants to account. The principle of res adjudicata is not applicable. The question now presented was not then ripe for decision. Tuttle v. Woolworth, 62 N.J. Eq. 532; Ogden v.McLane, 73 N.J. Eq. 159; Nagle v. Conard, 79 N.J. Eq. 124.
The causes for action are not the same and the question was not litigated or determined. Mershon v. Williams, 63 N.J. Law 398;Hoffmeier Son v. Trost, 83 N.J. Law 358; Sbarbero v.Miller, 72 N.J. Eq. 248; Schilstra v. Van Den Heuvel, 82 N.J. Eq. 155; Nagle v. Conard, 125 Atl. Rep. 20.
There is nothing in the will to indicate that the testator used the words "lawful heirs" other than in the sense of their definite legal meaning, and, as the surviving sister alone answers the description of lawful heir of the testator's now deceased daughter, she takes under the devise "at their death to their lawful heirs." Tuttle v. Woolworth, supra; Oleson v.Somogyi, 90 N.J. Eq. 342; In re Buzby's Estate, 94 N.J. Eq. 151;American Builders Corporation v. Galligan, 94 N.J. Eq. 731. It is probably true, as the respondents argue, that the testator did not intend either daughter to enjoy more than a life interest, but it is to be added that it is not at all perceivable, from anything in the will or the surrounding circumstances attending its execution, that his mind's eye was ever upon them as ultimate takers, for it is plain that he expected his daughters would marry and have issue, and that, upon their death, their respective descendants would take the remainder.
And if it be regarded that the testator intended that the devise of the remainder should become effective, in enjoyment, only at the death of both daughters, the respondents would not take as heirs to the one now dead, and could not, except upon the extremely remote possibility of both dying at the same instant. The relationship of heir-at-law of the surviving daughter to her deceased sister precludes the claim of the nephews and nieces, and the share will be ordered paid to the surviving daughter. *Page 38