In the matter of the application of MARTHA M. S. STAHELI for an order enabling her to sell mortgage and lease her real estate.

[Decided November 21st, 1910.]

Under *2 Gen. Stat. 1895 p. 2016 § 22*, providing that any married woman who owns real estate in the state and living separate from her husband, who refuses to support her, may during such separation apply to the court of chancery for leave to dispose of her real estate as a *feme sole*, except such as came to her by gift of her husband, a married woman may obtain such order where she is living separate from her husband, and he refuses to support her, regardless of whose fault caused the separation.

---

Heard on petition, affidavits, answering affidavits and depositions.

Application under the statute (*2 Gen. Stat. p. 2016 § 22*) providing

"that any married woman who owns real property in the State of New Jersey, and is living in a state of separation from her husband, and whose husband neglects and refuses to maintain and support her, may at any time during the continuance of such separation, neglect and refusal," &c.,

apply to the court of chancery and become empowered by the order of the court to sell, &c., her real estate except such as came to her by gift from her husband, "in the same manner and with the like effect as if she were sole and unmarried."

*Mr. Gustav A. Hunziker,* for the petitioner.

*Mr. Paul W. Roder,* for the respondent.

STEVENSON, V. C.

The effort which was made to show that the land in question came to the petitioner by gift from her husband entirely failed, and no discussion of that point is necessary. All the other facts necessary to bring this application within the terms of the statute are admitted, except the allegation that the husband is neglecting and refusing to support the wife. The husband stands in court offering to prove that the separation is wholly due to the fault of the wife—that she in fact has excluded him from her residence which constitutes the real estate in question, and was the home where the couple resided. Counsel for the wife declines to enter upon this issue, and, in my judgment, he is right in this position.

The sharp question is whether the phrase "neglects and refuses" must be interpreted as containing some element of wrongful conduct on the part of the husband such as is often but not always implied in the verb "neglect." The statute starts with the statement of one jurisdictional fact which is very briefly and very plainly defined, viz., the fact that the wife is "living in a state of separation from her husband." No intimation is given that it makes the slightest difference how this state of separation originated, or to which of the couple, if either, the blame therefor is to be attributed. With this clearly defined condition in mind

the statute then deals with a neglect and refusal of the husband
to support the wife when she is in this condition of separation.
The statute, I think, in substance, provides for a failure of a hus-
band to support a wife when in fact that wife is living in a state
of separation from him. In such case the theory of the statute,
I think, is that the wife shall be, with respect to her own real es-
tate which did not come to her from her husband, in the same
position as a *feme sole,* and that a husband shall not be per-
mitted to deprive his wife of the means of supporting herself out
of her own real estate while he refuses to furnish any support.
Under the other view the issue tried in this case, and in large
numbers of other cases brought under this statute, would prac-
tically be the same as the issue tried in a suit for maintenance
under the twenty-sixth section of the Divorce act. *P. L. 1907 p.
482.*

The true place of this statute in our system of laws defining
the rights and duties with respect to support which grow out of
the marriage relation, will, I think, be made more plain by com-
paring it with the statute in relation to limited divorce, and
particularly the statute (*Divorce act § 26*) giving the abandoned
wife the remedy against her husband of compelling him to sup-
port her out of his property. This wife cannot get a decree in
this court compelling her husband to support her under section
26 of the Divorce act, without showing that the husband has
abandoned his wife or separated himself from her "without jus-
tifiable cause."

The right which this wife asks to have recognized in this case
is not the right to have her husband support her, but the right to
use her own property that did not come from him for her own
support.

If it may be urged with any force that the husband ought not
to be deprived of his possible curtesy, or of his control over the
conveyance of his wife's real estate during the marriage, a suffi-
cient reply, it seems to me, is found in the steady advance which
legislation has made in this and other states to free the married
woman from hardship under the rules of the common law which
subjected her real estate so largely to her husband's control. In

this case there has been no issue of the marriage, and it is apparent that there will be none. Practically the sole interest of the husband lies in the power which he holds to prevent his wife from conveying her property. If he were allowed to exercise this power under the construction of this statute for which his counsel contends, he would perhaps be in a position to force the wife to yield to his demands with respect to the place where she shall reside.

An order will be advised, substantially, granting the prayer of the petitioner. It will be observed that the decree described by the statute is one which renders the married woman capable of conveying real estate of a certain class as if she were a *feme sole.* The practice, however, which was followed in this petition, has been established, of having the particular parcel or parcels of land which the wife desires to sell set forth in the petition and covered specifically by the decree. The decree therefore not only gives the wife a general capacity to convey her real estate, but also adjudicates against the husband that the land described in the petition did not come to the wife by gift from him, and that the wife, in the exercise of the new capacity conferred upon her, may convey the same free from all claims on the part of the husband. The decree in this case may be drawn in the form indicated.

It may be worth while to note that the marriage of the parties took place long after the statute upon which this proceeding is based was enacted.