OLE N. OLESON et al., complainants-respondents,

*v.*

STEPHEN F. SOMOGYI, administrator, and MARY E. EVANS,
defendants-appellants,

HARRY J. VAN HORN et al., defendants-respondents.

[Submitted July 11th, 1921.  Decided November 14th, 1921.]

On appeal from the court of chancery advised by Vice-Chan-
cellor Stevens, and reported in *90 N. J. Eq. 342.*

*Mr. Stephen F. Somogyi, pro se,* and for Mary E. Evans, de-
fendants-appellants.

*Mr. Charles C. Hommann,* for the complainants-defendants.

*Messrs. Wilson & Smock,* for Helen E. Gregory, defendant-
respondent.

*Mr. John Kirkpatrick,* for Harry J. Van Horn, defendant-
respondent.

*Messrs. Beekman & Spencer,* for Edwina M. Soper and Eliza-
beth J. Melick, defendants-respondents.

*Mr. Irving Lippman,* for Amy G. Russert, defendant-re-
spondent.

*Mr. Silas D. Grimstead,* for John Banker.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons
stated in the opinion filed in the court below by Vice-Chancel-
lor Stevens, and reported in *90 N. J. Eq. 342.* In adopting as
the opinion of this court the opinion of the vice-chancellor, we

desire to express our dissent from a statement therein which was not a controlling factor in reaching the decision made. The learned vice-chancellor said in the course of his opinion: "Mrs. Evans, at the age of sixty-eight, was past child bearing, and if her son survived her she could have but one next of kin." This is equivalent to saying that it is presumed that a woman of sixty-eight years of age has reached a time in her life when she is unable to bear a child. In a recent opinion by Chancellor Walker, in the case of *Riley* v. *Riley,* reported in *92 N. J. Eq. 465* (on *p. 471*), the chancellor, upon this subject, said:

"There is no time in the life of a woman, no matter what her age, when she is presumed in law to be unable to conceive and bear children. Sir William Blackstone says that a possibility of issue is always supposed to exist unless extinguished by the death of the parties, even though they be each of them a hundred years old. *2 Bl. Com. 125.* See, also, *1 Wash. Real Prop.* § *202; 2 Pros. Est. 395.*

"Vice-Chancellor Stevenson, in *Re Staheli, 78 N. J. Eq. 74,* said (at *p. 77; 78 Atl. Rep. 206*) that in that case there had been no issue of the marriage, and that it was apparent that there would be none. The facts upon which that inference was based are not disclosed. And Vice-Chancellor Howell, in *Re Riva, 83 N. J. Eq. 200* (at *p. 205; 90 Atl. Rep. 669*), speaking in *Re Staheli,* said that the report in that case showed that there were no children nor any likelihood of any; hence the husband had not and could not get any interest in the wife's lands. So far as these observations run counter to the ancient and established principle of law just adverted to, namely, that there is no period in the life of a woman when it is presumed that she may not possibly bear children, they must be overruled."

The views thus expressed by the learned chancellor are adopted as the views of this court upon this question.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, VAN BUSKIRK —14.

*For reversal*—None.