JOHN DALE MCGILL et al., complainants-respondents and appellants,

*v.*

THE TRUST COMPANY OF NEW JERSEY, respondent-appellant; ALEXANDER T. MCGILL and ELEANOR A. MAYER, defendants-counter claimants, respondents and appellants.

[Submitted November term, 1923. Decided May 19th, 1924.]

1. A contingent power of testamentary appointment given in a codicil to the daughter of the testator, to bequeath a share of the estate "to any of my blood relations she may select," does not create a contingent estate or interest in such share in the blood relations.

2. The words "blood relations" in this will are limited, in a legal sense, to "next of kin." They include only relations by blood, and not connections by marriage.

On appeal from the court of chancery, advised by Vice-Chancellor Buchanan, whose opinion is reported in *94 N. J. Eq. 657.*

*Messrs. Hopkins & Herr,* for the complainants.

*Messrs. Fisk & Fisk* and *Messrs. Besson, Alexander & Stevens,* for the defendant the Trust Company of New Jersey.

*Mr. Merritt Lane,* for the defendant Alexander T. McGill.

*Messrs. Osborne, Cornish & Scheck* and *Mr. Thomas Fleming Walsh* (of the New York bar, on the brief), for the defendant Eleanor A. Mayer.

The opinion of the court was delivered by

BLACK, J.

The bill of complaint in this case was filed by the grand-children of Dr. John T. McGill, deceased. One object and purpose of the bill was to obtain a construction of his will and a codicil thereto. The will is dated June 17th, 1907. The codicil is dated October 10th, 1911. Dr. McGill, the testator, died November 28th, 1912. A further purpose of the bill, also, was to require the performance of certain duties by the defendant trust company, which was appointed executor and trustee under the will. These latter questions however, were not considered or passed upon by the court of chancery and are not involved in the present appeal. The case was heard by Vice-Chancellor Buchanan. He advised a decree, on which twelve propositions were adjudged, from which all the parties to the suit filed appeals.

Our examination and consideration of the record, a reading of the opinion of the learned vice-chancellor, the elaborate briefs filed by the counsel for the respective parties, lead us to the conclusion that the decree should be affirmed, with a modification in two respects. We are satisfied with the conclusions reached in the court of chancery, which are contained in the final decree, and numbered 1, 2, 3, 5, 6, 6-a, 7, 8, 9, 10, 11 and 12. In numbers 9 and 10, it is held that by virtue of the provisions of the codicil, the testator's children, Alexander and Eleanor, were invested in severalty, with the equitable remainder of the whole estate, subject to the preceding life estates. But this is evidently a mere verbal mistake by the draftsman of the decree. We agree that they are so seized, but not by virtue of the provisions of the will. They are so seized because of the fact that the testator made no valid disposition of that estate, his disposition being in violation of the rule of perpetuities. Our consideration of number 4, in which it is adjudged the children of Alexander, the complainants, have a contingent estate or interest in the Eleanor share, because of the fact that they were members of the class designated as testator's "blood relations," with a preference to "his immediate descendants," under the contingent power of testamentary appointment given to his

daughter Eleanor, leads us to the conclusion that this is untenable. It is too remote. They have no such contingent interest. An apt illustration was suggested, which clearly indicates this. If the power in the will had authorized Eleanor to dispose of this share of the estate by her will to such religious, charitable or educational institutions of the Presbyterian Church as existed in the United States, as she might select, it would hardly be seriously contended that all of the institutions thus designated could be said to have such a contingent interest in the testator's estate, which would entitle them to file a bill for the construction of the will.

It is quite true the words "blood relations" in this will are limited in a legal sense to "next of kin." They include only relations by blood, and not connections by marriage, not even a husband or a wife. *Supreme Council of Chosen Friends* v. *Bennett, 47 N. J. Eq. 43; Ibid. 563.*

The decree of the court of chancery is affirmed, with the modifications indicated in this opinion.

WHITE, J. (dissenting from the affirmance of the sixth paragraph of the decree).

If I thought it legally allowable (under a sort of *cy pres* theory that if the testator's intention cannot be carried out we should carry out something as nearly like that intention as possible), I should be glad to see the court change the express terms of this testator's will so that the age of vesting of *corpus* in Alexander's children should be twenty-one instead of twenty-five years. Surely, that would come much nearer what the testator intended than does the changing of the trust "until twenty-five years of age" into a trust for life, the gift at twenty-five of the *corpus* fading out of the picture because of its illegality. But I do not think it is within the proper function of the court to change the terms of the testator's will from twenty-five years to twenty-one years, thereby making a new will for him.

For a like reason I do not see my way to agree with the sixth paragraph of the decree, whereby, in place of the trust for maintenance and education of Alexander's children until

twenty-five years of age, there is created a trust for such children for life, because of the fact that the gift of the *corpus* to such children at twenty-five years is void. I could unite in upholding the trust until twenty-five as separable from the gift of the *corpus,* although I think to do so would overrule *Hewitt* v. *Green, 77 N. J. Eq. 345,* and *Graves* v. *Graves, 94 N. J. Eq. 268,* but, further than this, I do not see my way to concur.

I agree that Alexander's children have no present standing as possible testatmentary nominees of Eleanor.

*For affirmance*—None.

*For reversal*—PARKER, WHITE—2.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK, CLARK—9.