THE SUMMIT TRUST COMPANY, a corporation, and HARRY G. VAUBEL, executors of and trustees under the last will and testament of William Halls, Jr., deceased, complainants-respondents,

*v.*

MCAULEY WATER STREET MISSION, and others, defendants-respondents, and THE METHODIST EPISCOPAL HOSPITAL in the city of Brooklyn and THE NEW YORK EAST ANNUAL CONFERENCE OF THE METHODIST EPISCOPAL CHURCH, defendants-appellants.

[Argued February 9th, 1939.    Decided May 23d, 1939.]

This is an appeal from a decree of the court of chancery construing the will of William Halls, Jr., advised by Vice-Chancellor Stein, who delivered the following opinion:

"William Halls, Jr., died on January 26th, 1933, leaving a last will and testament duly probated by the surrogate of Union county on February 6th, 1933, in and by which he appointed complainants executors and trustees thereof. The first twenty paragraphs of the will contain a number of bequests, some outright and some in trust, which, for convenience, will be designated the first group. These bequests by the will are to be paid in full without diminution. The principal of the several trusts upon the death of the respective beneficiaries, unless otherwise provided in the will, is to become part of the residuary estate.

"The twenty-first paragraph of the will provides: 'After all of the foregoing bequests have been fully paid, without diminution, I direct that the following bequests be paid in full or equally prorated, as the case may be:'. Then follow (in paragraphs 22 to 38) bequests amounting to the sum of $465,000, which, for convenience, will be designated the

second group. The residuary clause gives the rest, residue and remainder of the estate to three named institutions.

"Clara E. Button, one of the beneficiaries in the first group under the will is bequeathed the sum of $2,000. She predeceased the testator. Mary T. Nafey, a life beneficiary of a $12,000 trust in the first group, also predeceased testator. All of the outright bequests included in the first group have been paid in full. None of the bequests in the second group have been paid. When the trusts provided for in the first group shall have been set up the evidence shows that the balance of the estate will be insufficient to pay in full the bequests contained in the second group. The beneficiaries in this group contend that the Button legacy of $2,000 and the Nafey trust of $12,000 having lapsed, the fund thus arising should be distributed among them. The residuary legatees concede that the Button legacy has lapsed, but contend that the principal of the Nafey trust now forms a part of the residuary estate to which they are entitled.

"Complainants, by their bill, seek construction of the will and a declaration of their rights and duties and of the rights of the defendants thereunder.

"The questions presented for determination are: Are the beneficiaries named in the second group, or the residuary legatees entitled to distribution of the Mary T. Nafey trust fund of $12,000? Is the *corpus* upon the death of a life beneficiary under the several trusts to be distributed among the residuary legatees, or is it to be distributed among the beneficiaries named in the second group until their bequests are paid in full? These will be considered in the order stated.

"By the tenth paragraph of the will testator bequeathed to his executors the sum of $12,000 in trust to pay to Mrs. Mary T. Nafey $50 monthly out of the income arising therefrom. The principal of this trust fund, together with any balance of income, upon the death of Mrs. Nafey, is by the twenty-first paragraph of the will, to become part of the residuary estate. Mrs. Nafey having predeceased testator, it is contended by the residuary legatees that they have a vested remainder in this fund, and that her death in the lifetime of the testator accelerated the gift to them and so they claim

that they are now entitled to immediate distribution of the fund. This contention is untenable.

"In *69 Corp. Jur. 1054* § *2259 (4)* it is stated: '* * * a legacy given in trust * * * lapses where the *cestui que trust* predeceases the testator unless there is a gift over.' In the will under consideration there is no gift over of the principal of the trust. In *Rowe* v. *Rowe, 113 N. J. Eq. 344; 167 Atl. Rep. 16,* we construed a similar clause in a will. There the testator by his will gave to his brother the income for life from a trust fund of $25,000, the residue of the fund to become a part of the *corpus* of his estate. The brother predeceased the testator. We there held that the bequest lapsed. Mrs. Nafey having predeceased the testator the bequest to her lapsed.

"The second question necessarily involves a determination in advance of the time when the principal of the several trusts is disposed of by the will. Here the preliminary question arises as to whether the court should undertake to decide the question at this time. Section 7 of the Chancery act of 1915, *1 Cum. Supp. Comp. Stat. p. 271* § *120,* provides that 'subject to rules, any person claiming a right cognizable in a court of equity, under a deed, will, or other written instrument, may apply for the determination of any question of construction thereof, in so far as the same affects such right, and for a declaration of the rights of the persons interested.'

"The purpose of this act was considered by this court in *In re Ungaro, 88 N. J. Eq. 25; 102 Atl. Rep. 244; Miers* v. *Persons, 92 N. J. Eq. 17; 111 Atl. Rep. 638; Snyder* v. *Taylor, 88 N. J. Eq. 513; 103 Atl. Rep. 396,* and in *Potter* v. *Watkins, 99 N. J. Eq. 538; 134 Atl. Rep. 84.* In the last mentioned case the court said:. 'The statute of 1915 contemplates that, in order to be entitled to a construction, a suitor must have a fixed equitable right of future enjoyment in the subject-matter of the instrument to be construed; that the judgment should be binding upon all the parties interested in the subject-matter, and that all parties in interest should be before the court. The act was not intended to apply to equitable rights presently enforceable by existing remedies, nor was it intended that the court should construe documents

simply for the purpose of advice and counsel, nor to declare possible rights depending upon future happening, but to construe and declare existing rights and bind the parties by a decree enforceable in the future as the circumstances may warrant.'

"All of the parties interested in the subject-matter herein are before the court, all have joined in the prayer for the construction of the will and they will be bound by the decree.

"The ultimate disposition of the principal of the several trusts depends upon what the testator intended by the use of the words 'the following bequests be paid in full or equally prorated, as the case may be.' Were it not for this direction of the testator the principal of the trusts would be first applied to the payment of the second group of bequests. No residuary estate could come into existence until this was done. The residue of an estate is what is left after the payment of all debts, legacies, expenses of administration and other proper charges and commissions. *Berger* v. *Burnett, 95 N. J. Eq. 643; 123 Atl. Rep. 879.*

"There is nothing in the will as a whole to indicate that testator intended that the residuary legatees should receive the principal of the trusts to the exclusion of the legatees named in the second group. The court's main concern is not so much what the testator meant to say as it is to determine what he meant by what he did say. *New Jersey Title Guarantee, &c., Co.* v. *Dailey, 123 N. J. Eq. 205.* The testator meant by the expression 'paid in full or equally prorated, as the case may be' in the light of the other provisions of the will, that if, after payment of the outright bequests and setting up the several trusts, the balance of his estate be insufficient to pay in full the second group of bequests, then such balance was to be prorated among them, and nothing more. That testator intended the second group of bequests to be paid in full before the residuary legatees take anything under the will, is borne out by the provisions of the thirty-ninth paragraph wherein he provides, 'that all of the foregoing bequests' be paid free from all taxes, fees, commissions and expenses of administration 'which shall be a charge on the residuary estate.'

"The second group of legatees claim interest upon their respective legacies as prorated. Having concluded as above I am of opinion that these legatees are entitled to interest upon the several amounts due them from and after one year after the death of the testator. *In re Short's Estate, 87 N. J. Eq. 276; 99 Atl. Rep. 609."*

*Messrs. Williams & Dempsey,* for the complainants-respondents.

*Messrs. Lehlbach, Johnson & Ormond,* for the defendant-respondent McAuley Water Street Mission.

*Mr. Frank Mery,* for the defendants-respondents New York City Society of the Methodist Episcopal Church and others.

*Mr. George Whitefield Betts, Jr.,* for the defendant-respondent Stuyvesant Square Hospital.

*Messrs. Lum, Tamblyn & Fairlie,* for the defendant-respondent Overlook Hospital Association of Summit, New Jersey.

*Messrs. Smith & Slingerland,* for the defendant-respondent Centenary Fund and Preachers Aid Society of the Newark Annual Conference of the Methodist Episcopal Church.

*Mr. William J. O'Hagan,* for the defendant-respondent The Methodist Episcopal Home for the Aged of New Jersey.

*Mr. William E. Torrance,* for the defendant-respondent Trustees of Newark Conference of the Methodist Episcopal Church.

*Messrs. Hicks, Kuhllhau & Thompson,* for the defendants-respondents The Brooklyn Children's Aid Society and another.

*Mr. Sydney G. Soons,* for the defendant-respondent Long Island College Hospital.

*Messrs. Pitney, Hardin & Skinner,* for the defendants-appellants.

Per Curiam.

We concur in the views as expressed by the learned vice-chancellor, excepting that part thereof which holds that the so-called second group of legatees are entitled to interest upon the several amounts due them from and after one year after the death of the testator. Interest upon a legacy commences to run when payment of the legacy is demandable. *Ashton* v. *Wilkinson, 53 N. J. Eq. 227.* Inasmuch as the *corpus* of the trusts included in the first group is to be drawn upon for the payment of legacies provided for in the second group, it necessarily follows that such payment cannot be made until the life tenancies of the first group have terminated, and therefore the legacies in the second group are not payable until that times arrives.

The decree under review will be modified to the extent that no interest will be allowed on the amounts due to the legatees named in the second group.

*For reversal*—Parker, Bodine, Donges, JJ. 3.

*For Modification*—The Chief-Justice, Case, Heher, Perskie, Porter, Hetfield, Dear, Wells, WolfsKeil, Rafferty, JJ. 10.