ANDREWS, Judge.
This is an appeal from an order of the County Judge of Sarasota County construing the Will of Louise Thourez.
Louise Thourez executed her Will on July 30, 1941, and died on August IS, 1962. The Will set up a trust for a brother, Joseph Thourez, so long as he lived. Joseph Thourez predeceased his sister, the testatrix, by eleven years.
The provisions of the Will which required construction by the County Judge, are as. follows:
“(b) This trust shall terminate upon the death of my brother, Joseph Thour-ez, and the property shall be disposed of as hereinafter provided. Likewise, should my brother be dead at the time of my death, this trust shall not come into existence, and my executor shall dispose of the property as hereinafter-provided.
“(c) Upon the death of my brother and the termination of this trust, or upon my death if he shall not survive me, after the payment of all my debts,. I direct my Trustee or executor, as the case may be, to convert all my property to cash and divide the same into two^ equal parts, and pay one part to The-National Foundation Infantile Paralysis, Inc., which funds are to be deposited in The Palmer National Bank and Trust Company of Sarasota, and used and disbursed by it only for the treatment and benefit of Sarasota County, Florida residents, who are suffering-from infantile paralysis.
“The other equal part shall be paid to Disabled Veterans Holding Company of Sarasota, a non-profit corporation, the funds to be deposited in The Palmer National Bank and Trust Company of Sarasota, and used and disbursed only for the education of needy children of .disabled American veterans residing in Sarasota County,. Florida.”
*478 The other provisions of the Will created a trust for the benefit of the brother, with the residue to be distributed on his death as set forth in the above quoted parts of the Will. The trust was in the usual form with a trustee, a beneficiary, a corpus with directions and instructions as to how the same was to be used.
The County Judge construed said provisions of the Will as creating a trust for the use and benefit of the persons bene-fitted by the two non-profit corporations. He then appointed The Palmer National Bank and Trust Company as the Trustee of both of said trusts.
No such trust was created in making provision for the distribution of the residue, either upon the death of the brother had he survived the testatrix or, as was the situation, should he predecease the testatrix. On the contrary, the Will provided that the executor or trustee “convert the property to cash” and “pay” to the two nonprofit corporations one-half each of the residue and that the funds be “deposited” in The' Palmer National Bank and Trust Company of Sarasota.
To “pay” signifies the rendering and giving up to another of that which is due him. Fidelity Union Trust Co. v. Egenolf Day Nursery Association, 64 N.J. Super. 445, 166 A.2d 402, at page 407, N.J. Superior Chancery 1960.
A bank “deposit” merely constitutes a chose in action or right to money. It is a debt owing by the depository collectible by the owner. People ex rel. Housing Authority of the City of East St. Louis v. Horsey, 7 Ill.2d 537, 131 N.E.2d 483, 1956.
It appears from a careful reading of the Will, giving the particular words their usual and legal definitions, that this was a bequest to the two non-profit corporations for purposes consistent with their charters, and not in trust for the benefit of the recipients of the charitable programs of the corporations. The gift should, therefore, be construed, if possible, a gift absolute to the non-profit corporations with directions as to its use or subject to conditions upon which the gift was made rather than construe the gift as a trust.
The leading Florida case on this subject is Bradshaw v. American Advent Christian Home and Orphanage (1940) 145 Fla. 270, 199 So. 329, which is a similar case although the factual situation is different; however, the principles which formed the basis of the decision are controlling in the case before the court here. The basic difference, however, is that the funds given to the non-profit corporation were the income from a trust. In the case before us here, the gift was of the principal in light of the recognized definition of the word “pay.”
The fact that Item Third (c) of the Will contains the provision that the funds are to be “deposited” with The Palmer National Bank and Trust Company of Sarasota is not sufficient to support a construction that the intent of the testatrix was to create a .trust.
The National Foundation is a membership non-profit corporation under the laws of-New York. It was created for the purpose of promoting research in the cause and prevention of infantile paralysis, and for providing the financial support for the care and treatment of polio victims. Its charter has been amended to provide for the care and treatment of certain other crippling diseases. The corporation is licensed to do business in Florida.
The Disabled Veterans Holding Company of Sarasota is a Florida non-profit corporation. Its purposes include the obligation to provide aid and assistance to Sarasota County disabled veterans, their families and their children.
We, therefore, hold that the residuary bequest under the Will of Louise Thourez was a gift absolute with conditions as to the use of said funds, one-half to each The National Foundation, a New York member *479 ship non-profit corporation, and the Disabled Veterans Holding Company of Sarasota, a Florida non-profit corporation.
The Court is directed to enter an Order consistent with this holding.
Reversed.
SMITH, C. J., and ELMORE, FRANK H., Associate Judge, concur.