Welsh v. Crater.

---

JACOB WELSH, executor,

*v.*

MARGARET CRATER and others.

Where a conversion of testator's real estate was ordered to be made after the death of a life tenant, unless converted during the life-time of such tenant at her request, and "the balance of my estate (after

12

32 177
51 4
32 177
56L 311
32 177
62 538
62 539

paying a legacy of $8,000) to be equally divided among my heirs,"—
*Held,*

(1) That, by "the balance of my estate," testator meant his entire estate, whether derived from the sale of his real estate or otherwise.

(2) That it should go to his next of kin who were living at the time of his death.

(3) That his sisters and the children of two deceased sisters and of a deceased brother, took *per capita,* to the exclusion of the grandchildren of such deceased brothers and sister.

---

Bill for directions as to administration of estate under will. On final hearing.

*Mr. Alfred Mills,* for complainant.

*Mr. J. H. Neighbour,* for Mary Welsh.

*Mr. C. T. Glen,* for Margaret Crater's children.

THE CHANCELLOR.

Philip Welsh, late of the county of Morris, deceased, by his will, after ordering payment of his debts and funeral expenses, gave to his wife, in lieu of dower, $8,000 and all his personal property of every kind, except money and securities for money. He then gave to her all his real estate for life, with provision that if she should prefer to have it sold, his executors should sell it, and invest the proceeds of the sale on bond and mortgage; and, in that case, he gave to her for life the interest of such investment; and he also gave to her for life the interest of all his outstanding bonds and notes and other securities, after payment of the legacy of $8,000 and all other liabilities of his estate. He then ordered that, if his real estate was not sold in her life-time, it should be sold as soon as conveniently could be after her decease, and that the " balance of " his " estate," after paying the legacy of $8,000, should be equally divided among his " heirs." He appointed his wife and the complainant executors. His wife is now dead. His real estate was not

Welsh v. Crater.

sold until after her death.   The complainant, the surviving executor, has in his hands, as the balance of the estate, $28,101.64, of which sum $10,959.12 are the proceeds of the sale of the real estate, with interest thereon, and the rest is personal estate of which the testator died possessed.   The testator never had any child.   His nearest relations, at the time of his death, were his two sisters, Margaret Crater and Susan Neighbour; four children and eight grandchildren of his brother Jacob Welsh (who died before the making of the will); five children and seven grandchildren of David Welsh, another deceased brother of the testator, who also died before the making of the will, and five children and seven grandchildren of his sister Elizabeth Swackhammer. She, too, died before the making of the will.

The question submitted is, to whom does the balance in the hands of the surviving executor go under the will—to the heirs at law or next of kin of the testator?   And if to the latter, whether, as to the children of the deceased brothers and sister of the testator, *per stirpes* or *per capita ?*

The direction to convert the real estate is absolute.   The proceeds of the sale of it, therefore, are personal property. It is a well-settled rule in equity that when lands are directed to be converted into money and the proceeds are given as a legacy, the legacy will be treated as a legacy of personal estate.   *Scudder* v. *Van Arsdale, 2 Beas. 110, 112 ; Smith's ex'r* v. *First Presb. Ch., 11 C. E. Gr. 132; Miller's adm'r* v. *Miller, 10 C. E. Gr. 354,* and cases there cited; *Hand* v. *Marcy, 1 Stew. 65.*

Here the testator blends the proceeds of the sale of his real estate with his personal property, and disposes of them together.   But it is urged that the language, " the balance of my estate after paying the aforesaid legacy " (the legacy of $8,000 to the testator's wife), has reference to his personal estate alone.

The whole section is as follows:

"I do order, that as soon as conveniently can be after her [his wife's] decease, that if my real estate has not been sold, that it shall

then be sold and the balance of my estate, after paying the aforesaid legacy [of $8,000 to his wife], to be equally 'divided among my heirs."

It is manifest, from the connection in which the words " balance of my estate " are used (after the provision for absolute conversion of his real estate), that by them the testator meant his entire estate, including the proceeds of the sale of his real property remaining after deducting the legacy of $8,000. And since the estate so to be divided is wholly personal, it goes to his next of kin and not to his heirs at law, notwithstanding the gift is in terms to his " heirs." *Hawk. on Wills* 92 *n.; Scudder v. Van Arsdale, ubi supra; 2 Redf. on Wills 385, 386.*

The testator directs that the balance of his estate shall be equally divided among (under this construction) his next of kin. His only relations, as before stated, were his two sisters, and children and grandchildren of his two deceased brothers, and children and grandchildren of his deceased sister.

The statute of distributions is express and clear in its terms, that there shall be no representation among collaterals, after brothers' and sisters' children, and it was accordingly held in *Davis v. Vanderveer's adm'r, 8 C. E. Gr. 558,* that whenever the estate goes in whole or in part to collaterals, the right to take by representation among them is to be limited to the children of the intestate's brothers and sisters. Where property under a bequest passes to the persons entitled under the statute of distributions to receive it. in the absénce of any express direction in the will, it will go in the proportions prescribed by the statute. *Roach v. Hammond, Prec. in Chan. 410; Scudder v. Van Arsdale, ubi supra; Eagles v. La Breton, L. R. (15 Eq.) 148; Fielden v. Ashworth, L. R. (20 Eq.) 410.*

In such case where they are not all in equal degree, those who take by representation take *per stirpes. Scudder v. Van Arsdale, ubi supra; 2 Kent's Com. 425.*

But where the direction of the will is that it shall go to them in equal shares, those who take by representation

take *per capita.* *Scudder* v. *Van Arsdale, ubi supra ; Smith* v. *Palmer, 7 Hare 225.*

In this case the testator's sisters and the children of his deceased brothers will take *per capita.* And distribution is to be made among those who were the testator's next of kin at the time of his death. *Eagles* v. *Le Breton, ubi supra ; Tiffin* v. *Longman, 15 Beav. 275 ; Urquhart* v. *Urquhart, 13 Sim. 613 ; Theobald on Wills 172.*

There will be a decree in accordance with these views.