The complainant brings this bill individually and as executor of the will of Susan Genung, deceased, and askes for a determination of his individual rights and the rights of the defendants as to the residuary personal estate of the testatrix. That personal estate is valued at approximately $14,000. The clauses of the will pertinent to this inquiry are as follows: *Page 251 
"Second. I give, devise and bequeath the whole of my estate, both real and personal, of whatsoever the same may consist and wheresoever situate unto my dear husband, Edwin B. Genung, for and during the term of his natural life, and as I have had no child or issue by my said husband, it is my will that upon the death of my said husband the whole of my said estate, both real and personal, shall go to and be divided in equal shares between and among my legal personal heirs and representatives, and to whom I give, devise and bequeath the same accordingly.
"Third. I authorize and empower my said executor to make sale of all or any part of my real estate at any time in his discretion and for such price or prices as he shall think best, and to give good and sufficient deeds of conveyance therefor to the purchaser or purchasers thereof and to receive the purchase-money arising therefrom and to invest and reinvest the same and receive the income arising therefrom for his own use and benefit, and for that purpose I appoint my said husband trustee of my said estate and direct him to invest the moneys of my estate so received by him in his name as trustee and account therefor when he shall be lawfully required so to do by my legal heirs and representatives, it being intended that my said husband shall have full control of my said estate and receive the whole of the income therefrom during the term of his natural life."
The will is dated July 24th, 1912. Testatrix died December 11th, 1925, leaving her surviving her husband, who is the complainant, and several brothers and sisters and children of deceased brothers and sisters as her heirs-at-law and next of kin. The brothers and sisters and the children of deceased brothers and sisters are the defendants. No children were born of the marriage of the complainant and the testatrix. There is no dispute as to the lands of which the testatrix died seized, it being conceded by the complainant that he has merely a life interest therein, but he claims to be entitled to all of the personal estate absolutely on the theory that the words "my legal personal heirs and representatives," as used in the second paragraph of the will, refer to the next of kin as designated in the statute of distribution, and that as subsection 2 of paragraph 169 of that statute (2 Cum. Supp. Comp. Stat.pp. 2628, 2629) provides that in cases of intestacy where there are no children the personal estate shall all go to the husband or widow, as the case may be, this personal estate vests in him immediately and absolutely. On the other hand, it is contended by the defendants that it was the intention of the testatrix to give to her husband, the complainant, *Page 252 
merely a life interest in the personalty as well as in the realty. In my judgment, the decision of this court in Oleson v.Smogyi, 90 N.J. Eq. 342; affirmed, 93 N.J. Eq. 506, is controlling on the issue here involved. In that case the testatrix gave the residue of her estate in trust to pay the expenses of the education of her grandniece, and then to pay the remainder of the income to her son as long as he lived, and "at and after the death of my said son * * * to distribute my estate amongst my legal heirs and next of kin who should be at law entitled to the same as though I died intestate." The son died after his mother, leaving a widow, who contended that thecorpus of the estate at the death of the testatrix vested in the son, and that, therefore, she (the widow), was entitled to the personalty as his next of kin under the statute of distribution. The issue of a brother of the testatrix contended that they were the legal heirs and next of kin referred to by the testatrix in her will, and the court held that the nephews and nieces took to the exclusion of the son's widow. Vice-Chancellor Stevens quoted, as the law applicable to the issue before the court, the following extract from 2 Wms. Ex. (7th ed.) 989:
"If there is nothing in the context of the will or the circumstances of the case to control the natural meaning of the testator's words, his next of kin living at his death will be entitled, and if the tenant for life happen to be one of such next of kin or to be the only such next of kin, he is not on that account to be excluded. But where the context demonstrates that the person or persons to take under the description of next of kin is a person or persons to be ascertained at a future period or that it is the testator's intention to exclude the tenant for life from the description of the next of kin, the expression must be necessarily understood as meaning the testator's next of kin living at the death of the tenant for life."
The court held that there were sufficient indications in the will to take the case out of the general rule and bring it within the exception mentioned by Williams, and I think the same is true here. The apparent scheme of the testatrix was to give her husband the use of her property for life, but no more than that, and the reason which she gave for so doing is "and as I have had no child or issue by my said husband." *Page 253 
The will then provides that upon (not before) the death of her husband her whole estate is to go to "my legal personal heirs and representatives." The distribution is to be made "upon" his death "among" the heirs and representatives mentioned "to whom I give, etc., the same accordingly," that is, according to, and at the time (upon the husband's death) mentioned in this direction. The use of the word "personal" in this connection, is at least some indication to me that she intended only her blood relatives, as distinguished from relatives resulting from her marriage, to ultimately share her estate. "Personal," according to the Standard Dictionary, means "springing from or belonging to oneself;" "affecting or relating to one individually," and I think it was in this sense that the word was used. The use of the word "among" indicates a plurality of beneficiaries. The complainant contends for a single distributee. Provision for his enjoyment of the income during his life and distribution thereafter suggests his exclusion from consideration as an heir or next of kin. He was not in contemplation as such, but hisrelatives probably were, and testatrix wanted her own relatives, not his, to have the principal. The use of the word "shall," as was said in Oleson v. Smogyi, supra, and in Butler v.Bushnell, 3 Myl. K. 232, indicates an intention to give to such persons as "answer the description at the death of the tenant for life rather than at her own death." It will also be noted that the gift of both personality and realty is by the same clause and the same language.
In Webbe v. Webbe, 234 Ill. 442; 84 N.E. Rep. 1054; 17L.R.A. (N.S.) 1079, the court said:
"The fact that he included real estate in the same sentence of the will, when not otherwise indicated in some other part of the instrument, indicates an intention that the devisees should take the same estate in the land that they were given in the personal property. This, of course, is not conclusive, but is an important circumstance to be considered in arriving at the intention of the testator."
The reverse is also true; that is, that it was the intention of the testatrix that the beneficiaries under the will should take *Page 254 
the same estate in the personalty as they were to take in the land. As already suggested, it is conceded by complainant that he is entitled to a life estate only in the land. In the construction of wills effect is always to be given to the intention of the testator rather than to adhere to the strict technical construction of words and phrases, unless such intention runs counter to some recognized rule of law. It is impossible for me to agree with the contention of the complainant respecting his rights to the personal estate without doing violence to what I consider to have been the plain intention of the testatrix, namely, that her husband should have only a life estate, and no more, both in the personalty and in the realty. If she had intended that her husband should have the personalty, absolutely, she would have said so directly rather than follow the circuitous route mapped out by complainant's counsel and which has been so aptly described by Vice-Chancellor Stevens inOleson v. Smogyi, supra.
I will advise a decree determining the right of the complainant to be a life estate only in the property here involved.