In re estate of WILLARD J. LEACH, deceased.

ISAAC McCAWLEY, executor, &c., appellant,

*v.*

MABEL A. FOSTER, administratrix, &c., respondent.

[Decided December 15th, 1932.]

*Mr. Albert S. Woodruff,* for the appellant.

*Mr. William F. McCloskey,* for the respondent.

BUCHANAN, VICE-ORDINARY.

Isaac McCawley, executor of Theresa Leach McCawley, deceased, appeals from the order or decree of distribution made by the Middlesex county orphans court, March 30th, 1931, in the administration of the estate of Willard J. Leach, deceased. By such decree the present appellant was excluded from participation in the distribution of that estate; and the issue on this appeal is whether or not such exclusion was erroneous.

Willard J. Leach, a soldier of the United States army in the world war died in France in 1918, intestate and without assets other than the contingent interest of his estate under

a $10,000 war risk insurance policy made payable to his mother, Theresa Leach, as beneficiary. The proceeds of this policy, under the act of congress were payable to the beneficiary in two hundred and forty annual installments, but if the beneficiary should die before the completion of such installment payments, the then present commuted value of the installments remaining unpaid, became payable to the "estate of the insured." *U. S. Comp. Stat.* ¶ 9127½ § 303; 43 U. S. *Stat. at L. 1310.*

The mother (and beneficiary) died testate March 6th, 1930, having received only about half the installments under the policy; so that a sum of about $5,000 became payable to the son's estate, and administration proceedings on the son's estate were thereupon instituted.

The son having been domiciled in this state at the time of his death intestate, the distribution of his estate is controlled by our statute of distribution. That statute, as it existed at the date of the son's death (*Orphans Court act* § 169), provided as follows:

"The whole surplusage of the * * * personal estate of which any person shall die intestate shall be distributed * * * if there be no husband or widow * * * and * * * no child nor any legal representative of any child, then equally among the parents and brothers and sisters, and the representatives of deceased brothers and sisters."

The son left him surviving his mother and his five brothers and sisters. Concededly the mother would have been entitled to share, as one of the next of kin, in the assets (if there had been any) of which the son was the owner and actual possessor at his death. The asset which he in fact owned was not the sum of $5,000, but a contingent future right to $5,000, which subsequently became an absolute right, at the death of the mother.

Clearly, however, the right of the mother (or the mother's executor) to share in her son's estate, as one of his next of kin, is not affected by the mere fact of the contingent nature of the asset. The statute of distribution does not exclude, or

make any differentiation as to, assets which are contingent in nature: it says "the whole estate" shall be distributed equally among the parents and brothers and sisters (where there is no husband or widow or child or representative of a child)..

Suppose the $5,000 in question had come to the son's estate as the result of a testamentary bequest thereof by X in trust for Y (not the mother) during Y's life and remainder at Y's death to Y's husband if living, otherwise to Willard Leach or his executors or administrators; and that Willard Leach had predeceased Y's husband and the latter predeceased Y and then Y died. Willard Leach would have had a contingent right only, at the time of his death; his estate would become entitled to the $5,000 at Y's death; and it will scarcely be contended that the executor of Willard Leach's mother would not be entitled to a distributive share therein.

Respondent bases the argument that the mother is to be excluded in the instant case, upon the fact that the mother was the life beneficiary of the fund, and cites *Oleson* v. *Somogyi, 90 N. J. Eq. 342; 107 Atl. Rep. 798; affirmed, 93 N. J. Eq. 506; 115 Atl. Rep. 526; American Builders Corp.* v. *Galligan, 93 N. J. Eq. 51; 114 Atl. Rep. 329,* and *Genung* v. *Best, 100 N. J. Eq. 250; 135 Atl. Rep. 514,* as authority for the principle that where a person is named as a life beneficiary of a specific fund and the fund is to go, at the death of such life beneficiary, to the next of kin of the creator of the fund, then notwithstanding that the life beneficiary be in fact one of such next of kin, the executor or administrator of such life beneficiary cannot claim a share in the distribution.

The cases cited do not sustain this argument. In the first place those cases deal only with the situation where the fund is created, and disposed of, under and by virtue of the provisions of a will—and hence where the question is one of the testator's intent as expressed in the will. In the instant case no such question is involved; there is no question of a testator's intent; there is no question of the intent of an individual creator of the fund to be gathered from any ex-

pression by him; the question is one of the intent of the congress of the United States as expressed in the federal statute. Respondent's brief makes reference, it is true, to the provisions of an "application" made by the insured, for the policy in. question, and to the alleged effect of such pro visions; but no such application, nor any reference thereto, nor intimation thereof, is contained in the record before this court on this appeal.

In the second place, in each of the very cases cited by respondent, it is recognized and expressly stated that the law is (even in respect to a testamentary provision), that where there is a gift to A for life and at A's death to testator's next of kin, then A, if one of such next of kin, will share in the remainder (and indeed if A is the sole next of kin, will take the whole)—unless there be other provisions or expressions indicating that the testator intended that the life beneficiary should not so share.

In the instant case, as has been said, the question is of the legislative intent—to be determined from the statute. The provision of the statute is that "if the designated beneficiary * * * survives the insured and dies prior to receiving all of the two hundred and forty installments * * * there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable."

There is nothing in this language, nor elsewhere in the statute, in anywise indicating any intent that the designated beneficiary shall be excluded from sharing in the distribution of that part of the insured's estate arising from this commuted value payment. Neither is there anything in the New Jersey statute of distribution to justify such exclusion.

It is concluded, therefore, that the decree below is erroneous in this behalf, and must be set aside to the end that it be modified to provide for the inclusion of the appellant as the executor of the mother's estate. The record will be remanded to the orphans court that it may act accordingly.