This is an appeal from an order of distribution of the estate of the above named decedent, pursuant to the terms of her last will and testament.
The decedent by her will gave her residuary estate "to my next of kin to be divided between them equally as nearly as may be share and share alike."
She left her surviving, as her nearest blood relatives, eighteen first cousins; in addition, she left numerous issue of deceased first cousins.
The sole question involved is whether the class designated *Page 234 
by the testatrix as "next of kin" is to be interpreted (1) her nearest blood relatives; or (2) those who would be her distributees under the statute of distribution.
There is little, if any, assistance in the solution of the problem to be obtained from the will itself, or from such of the surrounding circumstances as appear. The will was executed in 1922, nine years before the death of the testatrix. It was drafted by a lawyer of long experience in practice. Prior to the residuary clause, it contains two small specific legacies to friends, three legacies of $1,000 each to charities, and money legacies to six individuals, aggregating $14,000. One of these legacies ($1,000) is to a person who is the daughter of a first cousin of testatrix — said first cousin being deceased at the death of the testatrix. The residuary estate amounts to about $14,000.
It is argued that the bequest of legacy to the child of a deceased first cousin, without the addition of words indicating that it is to be in addition to her interest in the residuary clause, indicates that the testatrix believed that this legatee would not take under the residuary clause and hence that the class which the testatrix has in mind as being her "next of kin" was a class which did not include the children of deceased first cousins, and hence was the class of "nearest blood relatives" and not "distributees under the statute."
It is deemed that there is no force to this argument — especially since it does not appear that the parent of this legatee was deceased at the time of the excution of the will. There is nothing in fact to show who constituted either the nearest blood relatives of the decedent or her distributees under the statute, as of the date of the execution of the will, nine years before her death.
It is also urged that the probability is that the testatrix had no close contact with, and hence no intention to benefit, relatives more distant than first cousins; and that the probability is against her desiring to divide the residuary estate into forty or fifty equal parts, as against eighteen or twenty.
The answer to such argument is that it does not appear what her age was when she executed her will, nor who or what *Page 235 
persons were living at that time who would have been her nearest blood relatives or her statutory distributees if she had died at that time. There may at that time have been brothers, sisters, uncles, aunts, nephews, nieces, cousins and what not. There is nothing to show whom she might have contemplated as probable or possible takers under her residuary gift. Neither is there anything to show how much, if any, interest she took in her first cousins, or anyone else, except such persons as she named as beneficiaries in her will; nor how much of an estate she had at that time, or might have expected to have in later years. It is a perfectly natural, if not probable, inference from the provisions and language of the will, that her mental attitude was to this effect: "I have made bequests to all those I care about, or desire to benefit, and have disposed of practically all my estate I will give the residue to those who would take it if I left no will. I don't know or care just who they are or may be — but I'll let them all share equally."
Technical legal words in a will are to be given their technical legal meanings, in the absence of any contrary intention appearing. So here "next of kin" is to be accorded its technical legal meaning. The difficulty is that it has two technical legal meanings — one being "nearest blood relations," the other being "those who take under the statute of distributions." 46C.J. 473.
In In re White (White v. Willever), 112 N.J. Eq. 546,
it is pointed out that the same situation exists as to the meaning of "heirs," and that in New Jersey where that word is used to designate beneficiaries in a testamentary gift of real estate (with nothing to indicate a different intention), it is to be interpreted as meaning "those who take under the statute of descent," rather than the stricter meaning of "those lineal descendants upon whom the law casts the succession to real estate."
Upon the basis of consistency or parity of reasoning, a similar determination should be the rule in the case of a testamentary gift of personalty to "next of kin," i.e., that in the absence of any indication of a different meaning, that phrase is to be interpreted as meaning "those who take under *Page 236 
the statute of distribution," rather than the stricter meaning of "nearest blood relations." It appears that a definite and express determination to that effect has not as yet been made; neither has there been a decision contrary thereto.
There have, however, been a number of decisions which, although they are not strictly and technically actual determinations that the rule is as above suggested, are nevertheless substantially to that effect. These are cases where the testamentary gift has been given to "heirs" and has consisted of personalty. This court has held that in such case (there being nothing to indicate that testator actually intended to give the personalty to those who would inherit real estate), the word "heirs" is to be construed as "next of kin," and has proceeded to order distribution to those entitled under the statute of distribution; which is essentially equivalent to holding that if the testator had used the word "next of kin" it would have been construed to mean "those entitled under the statute of distributions."
Among the earliest of these cases are Scudder v. Vanarsdale
(1860), 13 N.J. Eq. 109, and Welsh v. Crater, 32 N.J. Eq. 177.
The latter case was affirmed unanimously by the court of errors and appeals (1880), 33 N.J. Eq. 362; and the determination was reiterated by that court, again unanimously, inLeavitt v. Dunn, 56 N.J. Law 309; 28 Atl. Rep. 590. It has therefore been the law in this state for over seventy years, and has been followed and cited in numerous cases, of which only one need be here mentioned, to wit, Meeker v, Forbes, 84 N.J. Eq. 271; 93 Atl. Rep. 887, decided in 1915.
It might be argued that the precise question, as to whether "next of kin" in a testamentary gift means nearest relatives or distributees under the statute, was not at issue and was not argued in these cases, and therefore that that question is not concluded by the determinations in question. Such an argument might have weight if there had been only a single such determination and that of recent date; but after such a long and evidently unquestioned acceptance, it cannot now be regarded as open to challenge. *Page 237 
Moreover, as has been said, the determination was expressly stated as the law in Meeker v. Forbes, supra, published only a few years before the drafting of the will in the instant case. Under well known rules of construction, this will being drafted by an able and experienced lawyer, it is to be presumed that he knew of the law as thus laid down, and used the language in the light of such knowledge.
At the very least, the cases mentioned show that the meaning of "statutory distributees" is the meaning ordinarily and generally accorded to the words "next of kin" (without more), by the courts and the legal profession in this state. There are of course many other cases evidencing the same thing — among which may be mentioned Cramer v. Sharp, 49 N.J. Eq. 558; 24 Atl. Rep. 962
(where the court mentions, as being the next of kin of decedent, children and grandchildren); In re Carney, 83 N.J. Eq. 615;91 Atl. Rep. 598 (similarly as to a brother and children of deceased brother); Genung v. Best, 100 N.J. Eq. 250;135 Atl. Rep. 514 (brothers and sisters and children of deceased brothers and sisters); In re Leach (McCawley v. Foster), 112 N.J. Eq. 68,
decedent's mother and his brothers and sisters) — and similar instances could be multiplied by paging through the reports. Hence, according to the familiar rule of construction in that behalf, that meaning should be accorded to it in the present instance.
It is concluded therefore that under this will the residuary estate should be distributed to those entitled under the statute of distribution; and the decree under appeal must be reversed, and the record remitted with direction in that behalf. The legatees so ascertained, are, by the express testamentary direction, to take in equal shares, and such direction is controlling. Welsh v. Crater, supra. *Page 238