The appeal in this case brings up for review the construction of the will of Oscar Keen. The will is dated May 11th, 1905, and testator died January 9th, 1913. Thereafter the will was admitted to probate by the surrogate of Essex county. Testator left him surviving his widow, a son, Benjamin W. Keen, and a daughter, Mary Keen Stockton. The widow died May 10th, 1926. The son died August 17th, 1935, without leaving issue, and Mrs. Stockton, the daughter, survives but has no children and can have none.
The testator, after the payment of his debts, gave all of his property to trustees directing them to divide the net income into three parts and to pay the same in equal shares to his widow and to each of his children; on the death of his widow to transfer to his son one-sixth of the principal of his estate and thereafter to pay two-fifths of the income to his son, and three-fifths to his daughter. If the son died before his daughter and after his wife, leaving issue, the trustees were to transfer two-fifths of the principal to his issue in equal shares; but if the son should die before his daughter and after his widow, leaving no lawful issue, then *Page 108 
the daughter should take the entire income and thereafter upon her death the trustees were directed to convey and pay over the entire principal to testator's heirs-at-law and next of kin.
Somewhat similar provisions were made with respect to other possible contingencies, the testator always providing in the event of the failure of the direct line that the estate should go to testator's heirs-at-law and next of kin.
The last paragraph of the will directs that the income to be paid to testator's son and daughter "is intended for their proper maintenance and support and is to be paid to them in such sums and at such times as said executors and trustees may think proper, or they may, for good and sufficient reasons, withhold the whole or any part of said income. Neither of my said children shall assign or pledge said income or any part thereof." It is clear from a reading of the entire will that the testator, a skilled lawyer, intended to preserve his estate for remaindermen after his wife and children had been provided with an income for life.
The learned vice-chancellor held that the words "heirs-at-law and next of kin" to whom the estate was devised upon the death of the life tenants were to be determined as of the time of the testator's death and were, therefore, his widow and two children. The result of this decision was that George A.K. Sutton, a nephew, was excluded from any participation in the estate. In this there was error.
In Oleson v. Somogyi, 90 N.J. Eq. 342; affirmed, 93 N.J. Eq. 506,
a very similar provision in a will was construed. Chief-Justice Gummere in American Builders Corp. v. Galligan,94 N.J. Eq. 731, pointed out that where the gift of the remainder was to the next of kin the question was, what was the intention of the testator to be gleaned from the will, and that the words could have no fixed meaning to be applied in all cases.
It seems clear to us that the intention of the testator in the present case was to exclude from the class of heirs-at-law and next of kin the life tenants. Genung v. Best, 100 N.J. Eq. 250.
It is inconceivable that a testator should have made provision for so many contingencies as provided for in this will, *Page 109 
if he had simply meant that his wife and children should take his entire estate. The intention is apparent throughout the whole instrument to provide support for the testator's wife and children during their lives with the remainder in certain proportion to their issue, if any, and in the event that the children should die without issue the estate was then to go to the testator's heirs-at-law and next of kin. He intended by the use of those words in this elaborately drawn instrument to transmit the estate to a class of heirs different from his wife, children and their issue. He clearly intended that the collateral branch of his family should take and enjoy his frugality upon default of the direct line.
The decree appealed from is, therefore, reversed.
For affirmance — WELLS, WALKER, JJ. 2.
For reversal — PARKER, CASE, BODINE, DONGES, HEHER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 9. *Page 110