LOUIS DE LEO, SALVATORE PELLECHIO, AND GEORGE W. ALLGAIR, EXECUTORS UNDER THE WILL OF SABATO DE LEO, DECEASED, PLAINTIFFS, v. CARMELLA DE LEO MAFFEE, MINNIE DE LEO, MARGARET DENIS, ANTOINETTE EDEN, FANNIE HOWARTH, AND LOUIS DE LEO, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided May 2, 1952.

*Mr. George W. Allgair*, attorney for plaintiffs.

*Mr. Augustus S. Dreier*, attorney for defendant Carmella De Leo Maffee.

*Mr. Russell Fleming*, attorney for defendants Minnie De Leo, Margaret Denis, Antoinette Eden, Fannie Howarth, and Louis De Leo.

EWART, J. S. C.  Plaintiffs, as executors of the will of Sabato De Leo, deceased, bring this suit for the construction of the seventh paragraph of decedent's will, which reads as follows:

"SEVENTH: In event I shall not be married at the time of my decease, and shall not be residing with a wife legally married to me at the time of my decease, I then order and direct my executors hereinafter named to convert the residue of my estate to money, as soon after my decease as may be convenient, and upon such conversion being had, I direct my executors hereinafter named to divide the same equally, in equal shares, share and share alike, among the then living children of my deceased brother, Dominick De Leo and my sister, Carmella De Leo."

By admissions contained in the pleadings, written stipulations duly filed, and in the pretrial order, the following undisputed facts have been made to appear:

Sabato De Leo died a resident of the Borough of Raritan, Somerset County, N. J., June 12, 1950, leaving a last will and testament, dated April 4, 1950, duly admitted to probate by the Surrogate of Somerset County on June 26, 1950. Testator left him surviving neither a wife nor children nor other lineal descendants, but a sister, Carmella De Leo Maffee, named in the will as Carmella De Leo, and five living children of his deceased brother, Dominick De Leo, namely, the defendants Minnie De Leo, Margaret Denis, Antoinette Eden, Fannie Howarth, and Louis De Leo.  Testator's sister, Carmella De Leo Maffee, was, at the time of testator's death, the mother of nine children, none of which children are named as defendants in this suit, testator's sister, Carmella,

and all her children being resident in Italy. All the defendants are of age.

Defendant, Carmella De Leo Maffee, contends that testator intended to divide his residuary estate among two classes, *viz.*, (1) the defendant, Carmella De Leo Maffee, and (2) the living children of testator's deceased brother Dominick; that the testator had in mind a *per stirpes* and not a *per capita* division; and that one-half of the residuary estate should go to her and the other one-half to be divided among the five children of testator's deceased brother Dominick. Or in the alternative, that testator intended that his residuary estate be divided among the nine children of his sister, Carmella, and the five children of his deceased brother Dominick, in which event each of the testator's said 14 nephews and nieces would be entitled to an equal undivided one-fourteenth part of the residuary estate.

On the other hand, the five living children of testator's deceased brother, Dominick, contend that the testator intended, as evidenced by the phraseology of the will, that an equal distribution *per capita* be made of the residuary estate among six persons, namely, the five living children of his deceased brother, Dominick, and testator's sister, Carmella De Leo Maffee.

It is axiomatic that in the construction of a will the intention of the testator to be gathered from the will itself, in the light of the circumstances surrounding the testator at the time of execution, governs. 5 *Clapp on Wills and Administration, sections* 108, *et seq.*; *Blauvelt v. Citizens Trust Co., 3 N. J.* 545 at 552 (1950). However, while full force is to be given the intent of the testator as gathered from the will, yet that intent must be gathered by the application of known rules of construction established by long-standing adjudications of the courts, and every testator is presumed to have phrased his bequests with a view to the established rules regulating the construction of wills. *Davison v. Rake, 45 N. J. Eq.* 767, 771 *(E. & A.* 1889); *Tuerk v. Schueler, 71 N. J. L.* 331, 333 *(E. & A.* 1904); *Wills v. Wills, 72*

N. J. Eq. 782, 783 (*Ch.* 1907), affirmed 73 *N. J. Eq.* 733 (*E. & A.* 1907) ; *Supp v. Second National Bank and Trust Co.,* 98 N. J. Eq. 242, 253 (*Ch.* 1925).

Nothing is to be found in the testator's will outside of the seventh clause that would in anywise modify the plain meaning of the phraseology used in that clause. The testator in his will directs the payment of his funeral expenses and debts; bequeaths the sum of $1,000 to St. Ann's Church of Raritan, N. J., to be used for the celebration of masses; bequeaths the sum of $1,000 to St. Bernard's Church of Raritan to be used for the erection of a monument over his grave and providing perpetual care for his burial lot; bequeaths his household furniture and tools to a friend, Salvatore Pellechio; directs his executors to pay for a granite monument pursuant to a contract entered into by testator in his lifetime; bequeaths and devises the whole of the residue of his estate to his wife, if he be married at the time of his death (which he was not) ; and by the seventh clause disposes of his residuary estate.

2 *Jarman on Wills* (*5th Am. ed.*), *pages* 756 and 757, lays down the following rule applicable to the bequests contained in the seventh clause of the will in question :

"Where a gift is to the children of several persons, whether it be to the children of A and B, or to the children of A and the children of B, they take *per capita,* not *per stirpes.*

The same rule applies, where a devise or bequest is made to a person and the children of another person; or to a person described as standing in a certain relation to the testator, and the children of another person standing in the same relation, as to 'my son A and the children of my son B,' in which case A takes only a share equal to that of one of the children of B, though it may be conjectured that the testator had a distribution according to the statute in view.

But this mode of construction will yield to a very faint glimpse of a different intention in the context."

5 *Clapp on Wills and Administration* follows the rule laid down in *Jarman* and states at *page* 433 :

"A gift to A and the children of B has been held, by the weight of authority, to create presumptively a classed gift *per capita,* whether

A be one of the children of B or a brother of B or any other person. * * * The presumption that such a gift is a gift *per capita* will yield if there be even a faint glimpse of a contrary intention in the will."

*Blackler v. Webb*, 2 *Peere-Williams* 384, 24 *Eng. Rep. Repr.* 1777, decided by Lord Chancellor King in 1726, is the leading authority on this rule of construction. In that case, the testator had five children, one of whom had died leaving several children him surviving and another of whom was in poor circumstances. The testator bequeathed the residue of his personal estate to his three living children and to the children of his deceased son and to the children of his daughter who was in poor circumstances. The question arose as to whether the testator's children and grandchildren should take *per stirpes* or *per capita*. The court held that the testator's children and grandchildren should take *per capita*, all as one class. Notwithstanding the criticism of the rule laid down in *Blackler v. Webb* by Chief Justice Kirkpatrick in *Roome v. Counter*, 6 *N. J. L.* 111 (*Sup. Ct.* 1822), that rule has been consistently followed and applied by the courts of this State in the following cases: *Stokes v. Tilly*, 9 *N. J. Eq.* 130 (*Ch.* 1852); *Fisher v. Skillman's Executors*, 18 *N. J. Eq.* 229 (*Ch.* 1867); *Macknet's Executors v. Macknet*, 24 *N. J. Eq.* 277 (*Ch.* 1873); *Smith v. Curtis*, 29 *N. J. L.* 345 (*Sup. Ct.* 1862); *Thornton, Trustee, v. Roberts*, 30 *N. J. Eq.* 473, at 477 (*Ch.* 1879); *Burnet v. Burnet*, 30 *N. J. Eq.* 595, at 599 (*Ch.* 1879); and *Van Houten v. Hall*, 73 *N. J. Eq.* 384, at 385–6 (*E. & A.* 1907). Nor am I able to find either in the seventh clause or elsewhere in the testator's will any evidence of an intention that the legatees in the seventh clause named should take otherwise than *per capita* in accordance with the foregoing rule.

In *Van Houten v. Hall, supra*, the late Justice Swayze, speaking for the Court of Errors and Appeals, said:

"No doubt the general rule is that where there is a gift to the children of several persons, they take *per capita*, 2 *Jarm.* 756, and the rule prevails even where there is a devise or bequest to one

person and the children of another. The latter branch of the rule dates from *Blackler v. Webb*, 2 *P. W.* 383, and notwithstanding the criticism of Chief Justice Kirkpatrick in *Roome v. Counter*, 6 *N. J. L.* 111, is recognized in this State."

Not only do I fail to find the faintest glimpse from the will itself of an intent by the testator that the legatees in the seventh clause of the will should take otherwise than as stated in the rule cited, but the language used by the testator affords support for the rule that the testator in this case intended a *per capita* distribution among his legatees. He said:

"\* \* \* I direct my executors hereinafter named to divide the same equally, in equal shares, share and share alike, among the then living children of my deceased brother, Dominick De Leo, and my sister, Carmella De Leo."

It is to be noted that the testator provides for an equal distribution "among" the legatees and not "between" the legatees. The word "among" is commonly used with reference to more than two persons, whereas the word "between" is commonly used in reference to two only. *Stoutenburgh v. Moore,* 37 *N. J. Eq.* 63, at 69 (*Ch.* 1883) ; *Van Houten v. Hall,* 73 *N. J. Eq.* 384, at 387 (*E. & A.* 1907) ; *Rowley v. Currie,* 94 *N. J. Eq.* 606, at 612, 613 and 614 (*Ch.* 1923). Furthermore, the direction in testator's will to divide the residue equally, share and share alike, contemplates a *per capita* and not a *per stirpes* division. *Welsh v. Crater,* 32 *N. J. Eq.* 177, at 180, 181 (*Ch.* 1880) ; *Rowley v. Currie,* 94 *N. J. Eq.* 606, at 614 (*Ch.* 1923).

Accordingly, the judgment to be entered in this case will provide for an equal distribution *per capita,* and not *per stirpes,* of the residue of the testator's estate among his sister Carmella and the five children of his deceased brother, Dominick.