23 N.J. Super. 573 (1952)
93 A.2d 230
JOHN K.I. WALSH, SUBSTITUTED TRUSTEE UNDER THE WILL OF WILLIAM V. HULSE, DECEASED, PLAINTIFF,
v.
WILLIAM HENRY HULSE, WILLIAM HARLAN HULSE, MELBA ELIZABETH HULSE GRIFFITHS, JOHN HULSE, MARIAN (ALSO SPELLED MARION) E.B. SMITH, AND ELSIE E.B. SMITH, BOTH INDIVIDUALLY AND AS EXECUTRIXES OF THE LAST WILL AND TESTAMENT OF ELIZA C. BLANDFORD, AND CAROL GRIFFITHS AND JUDITH ELIZABETH GRIFFITHS, BOTH INFANTS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 9, 1952.
*575 Mr. John K.I. Walsh, attorney pro se.
Mr. John A. Waldron, guardian ad litem for infant defendants.
EWART, J.S.C.
In this suit, the plaintiff John K.I. Walsh, substituted trustee under the will of William V. Hulse, deceased, seeks a judgment accelerating in favor of the remaindermen a testamentary trust which arose under the following provisions of the last will and testament of William V. Hulse:
"All the rest, residue and remainder of my estate I give, devise and bequeath unto my executors, hereinafter named; in trust, however, to invest the corpus thereof upon first bond and mortgage, upon real estate, worth at least double the amount of such mortgage or mortgages, the income thereof to accumulate in the hands of my executors and be reinvested until my son William H. Hulse, shall attain the age of twenty one years, and from and after that time I direct my said executors to pay the income derived from my said estate to my said son, William H. Hulse, annually, for and during the term of his natural life. Upon the death of my said son, William H. Hulse, I give devise and bequeath the corpus of my estate to the lawful issue of my said son, in equal shares, and in the event of my said son leaving no issue, living at the time of his death, I give and bequeath to my brother, John C. Hulse, the sum of five hundred dollars, and all the rest residue and remainder of my said estate to my sister Eliza C. Blandford."
The proofs at the trial established that the testator William V. Hulse died May 21, 1915 testate, leaving a will dated August 2, 1910 containing the residuary clause above quoted *576 and which will was duly probated before the Surrogate of Mercer County June 4, 1915. Of the persons named or referred to in the residuary clause, testator William V. Hulse left him surviving at the time of his death his son William H. Hulse, life tenant; his brother John C. Hulse, contingent beneficiary; and his sister Eliza C. Blandford, a contingent beneficiary. Testator's son William H. Hulse is still living, is 52 years of age, and is married and his wife is 47 years of age. William H. Hulse has two children living, viz. William Harlan Hulse and Melba Elizabeth Hulse Griffiths. William Harlan Hulse is married and had no children at the date of the hearing on November 10, 1952, but his wife expected the birth of a baby in about a month. Mrs. Griffiths is likewise married and has two children, both of tender years. Eliza C. Blandford, sister of the testator, died July 23, 1949 leaving a will which was duly admitted to probate and by the terms whereof her residuary estate is bequeathed to her daughters, Marian E.B. Smith and Elsie E.B. Smith. John Hulse, brother of the testator, is still living at the age of 85 years and is unmarried.
The lineal descendants now living of William H. Hulse, life tenant of the residuary estate of his father William V. Hulse, are: William Harlan Hulse, a son; Melba Elizabeth Hulse Griffiths, a daughter; Carol Griffiths, a granddaughter; and Judith Elizabeth Griffiths, a granddaughter.
The life tenant William H. Hulse, all of the lineal descendants of William H. Hulse, as well as John C. Hulse, brother of the testator, and the residuary legatees of Eliza C. Blandford have been made defendants in this suit.
John A. Waldron, Esquire, of Trenton, was appointed guardian ad litem for the infant defendants, Carol Griffiths and Judith Elizabeth Griffiths, and was also appointed guardian ad litem to represent possible unborn issue of William H. Hulse, the life tenant.
Defaults were entered against all of the defendants excepting only the two infant defendants for whom the guardian ad litem has filed an answer in which is set up two defenses *577 requiring consideration, viz. (1) that by the terms of the will of William V. Hulse, the gift over to the lawful issue of William H. Hulse constitutes a class gift; that the members of the class cannot be ascertained until the death of the life tenant; that the class is subject to being opened to admit after-born children; and that the court is without power to accelerate the remainder under the trust based on a release from the life tenant at this time because the individuals constituting the class entitled to the remainder after the death of the life tenant cannot be ascertained at this time; and (2) that the acceleration of the trust and distribution of the remainder at this time would negate the intentions of the testator as expressed in his will.
At the trial there was admitted in evidence an absolute general release given by William H. Hulse, life tenant, to Mr. Walsh, the substituted trustee, a copy whereof is annexed to the complaint filed in this cause. And William H. Hulse, the life tenant, testified that he was moved to give the release and support the request that the remainder of the trust be accelerated by the immediate payment of the corpus of the trust to his children by the circumstance that he personally is not in need of the income from the trust and that his son and daughter, both of whom are married and starting to raise families, would be greatly benefited could they receive the trust assets at this time.
In view of the foregoing facts and circumstances, is the plaintiff entitled to a judgment accelerating the distribution or payment of the corpus of the trust to William Harlan Hulse and Melba Elizabeth Hulse Griffiths, children of the life tenant William Henry Hulse, and referred to in the complaint as the remaindermen?
By the will of the testator William V. Hulse the remainder interest in the trust fund is to be paid over upon the death of testator's son William H. Hulse. Although the language of the will refers to the death of the particular tenant as the time for distribution to the remaindermen, it is an established rule of construction of testamentary provisions *578 of that nature that a testator will be presumed to have intended to give the property in remainder from and after the termination of the preceding estate in the absence of some controlling equity or express or clearly implied provision in the will to the contrary; and accordingly the provisions for distribution at the death of the life tenant, standing alone, will be understood to relate to the termination of the precedent estate and accelerate distribution to remaindermen whose estates in remainder are vested. Anthony v. Camden Safe Deposit & Trust Co., 106 N.J. Eq. 41 at page 42 (Ch. 1930); Ajax Electrothermic Corp. v. First National Bank of Princeton, 7 N.J. 82 at page 86, 87 (1951).
But where the gift over is to a class where the members of the class cannot be definitely ascertained prior to the death of the life tenant, there can be no acceleration of the trust prior to the death of the life tenant because to permit acceleration would do violence to the testator's intention. Lawrence v. Westfield Trust Co., 1 N.J. Super. 423, at page 434 (Ch. Div. 1948); Trenton Banking Co. v. Hawley, 7 N.J. Super. 301, at page 309 (Ch. Div. 1950); Ajax Electrothermic v. First National Bank of Princeton, supra, at page 88.
In the Hawley case, supra, Judge Jayne aptly stated, I think, the rule applicable to the present situation as follows:
"The rule of construction in these cases that the period of distribution arrives upon the release and surrender of the life estate must yield where the members of the class of the primary remaindermen are not then definitely ascertainable, and where consequently the class is then open, and where the shares of the members of the class presently apparent are subject to possible diminution by the admission of additional primary remaindermen." Page 309.
In the case sub judice the gift over is made in the following language:
"Upon the death of my son, William H. Hulse, I give, devise and bequeath the corpus of my estate to the lawful issue of my said son, in equal shares, * * *."
*579 At the present time the life tenant William H. Hulse has two living children, viz. William Harlan Hulse and Melba Elizabeth Hulse Griffiths. And he also has two living grandchildren, viz. Carol Griffiths and Judith Elizabeth Griffiths. William H. Hulse, the life tenant, is presently 52 years of age and is married. It is, of course, entirely conceivable that he may have other children born to him. And it is also probable that there will be additional grandchildren born to him prior to his death.
The gift over in the will of William V. Hulse is "to the lawful issue of my said son, in equal shares, * * *." I regard this as a class gift. A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or some other definite proportion the share of each being dependent for its amount upon the actual number. Burlington County Trust Co. v. Castelcicala, 2 N.J. 214 (1949).
The gift over in the case sub judice should be construed, I believe, to include not only the children of William H. Hulse, the life tenant, living at the time of his death, but also to include all of his lineal descendants alive at the time of his death. The word "issue," when not restrained by the context, is co-extensive and synonymous with the word "descendants," comprehending objects of every degree, and the ultimate distribution to the "issue" of William H. Hulse would be per capita and not per stirpes. 2 Jarm. on Wills (5th Am. ed.), pages 635, 636; Lawrence v. Westfield Trust Co., supra, page 432; Welsh v. Crater, 32 N.J. Eq. 177, at pages 180, 181 (Ch. 1880); Rowley v. Currie, 94 N.J. Eq. 606, at page 614 (Ch. 1923); DeLeo v. Maffee, 19 N.J. Super. 307 (Ch. Div. 1952).
Whether the gift over under the Hulse will should be construed to include only the children of the life tenant William H. Hulse, or all of the descendants of William H. Hulse living at his death, in either case it is obvious that the members of the class who may be living at the time of the *580 death of the life tenant cannot be ascertained at this time and that, consequently, acceleration of the remainder and payment of the corpus of the trust fund at this time to the presently living children of William H. Hulse would do violence to the intention of the testator as expressed in his will. Such acceleration and payment at this time might well deprive of their share of the trust estate other children of William H. Hulse who may be living at the time of his death, and also living grandchildren and grandchildren yet to be born.
For the reasons stated the application for acceleration and payment of the trust assets to the two children of William H. Hulse, who are referred to in the complaint as the remaindermen, will be denied.