# IN THE MATTER OF THE ESTATE OF JAMES MELLETT, DECEASED.

Hudson County Court
Probate Division

Argued December 15, 1969—Decided December 19, 1969.

*Mr. Edward B. Heyd* appeared for plaintiffs (*Messrs. Darling* and *Jobes,* attorneys).

*Mr. Cyril J. McCauley* appeared for cross-plaintiffs (*Messrs. Rinaldi, McCauley, Kauper & Cosgrove,* attorneys).

BERONIO, J. C. C. James Mellett died intestate on June 26, 1969, a resident of Jersey City, New Jersey. He was survived by three brothers, Martin and Daniel, residents of Ireland, and John, currently residing in Bath, New York, and by six children of a deceased sister.

On September 5, 1969 a complaint for letters of administration was filed in the surrogate's court of Hudson County, New Jersey, by Helen Brown and Josephine DeGregory, nieces of decedent, together with renunciations of John Mellett, decedent's brother, Jean Gailor, niece, Thomas Hathaway, nephew, Donald Hathaway, nephew, and Robert Hathaway, nephew, all said nieces and nephews being children of Margaret Mellett Hathaway, a deceased sister of said intestate. Said nieces and nephews are all residents of New York State.

On September 17, 1969 cross-plaintiff Cyril J. McCauley, filed a caveat with the surrogate's court of Hudson County, as attorney in fact for Martin Mellett and Daniel Mellett, brothers of decedent, protesting against the grant of letters of administration to anyone claiming to have equal or prior rights to administration.

Cross-plaintiff Cyril J. McCauley, a resident of New Jersey, is the nominee of Martin and Daniel Mellett, residents of County Mayo, Ireland, by virtue of powers of

attorney executed by them in favor of George W. Cornell, Esq., 225 Broadway, New York City, New York, with power of substitution, and by virtue of substituted powers of attorney executed by said George W. Cornell, Esq., in favor of cross-plaintiff Cyril J. McCauley.

On October 2, 1969, on application of cross-plaintiff Cyril J. McCauley, an order to show cause was issued directing plaintiffs Helen Brown and Josephine DeGregory to show cause why administration should not be granted to said cross-plaintiff.

The issue presented involved the claim to letters of administration by two parties, one the nominee of two brothers of the decedent, and the other two nieces of decedent.

The statute governing this situation is *N. J. S. A.* 3A:6-4 *"Letters of Administration; to whom granted"*:

If any person dies intestate, administration of the personal estate of such intestate shall be granted to the surviving spouse of such intestate, if he or she will accept the same, and, if not, or if there be no such person, then to the next of kin of such intestate, or some of them, if they or any of them will accept the same, and, if none of them will accept the same, then to such other proper persons as will accept the same.

The first question to be decided is whether the recipient of a power of attorney from one who is entitled, under the statute, to apply for letters of administration is the nominee of those persons so entitled or is the representative of those persons and entitled to apply for the letters of administration in their name. The cases are clear on this point. When a person who has the right to apply for letters of administration, such as the next of kin, delegates that right to another by a power of attorney, the recipient of the power of attorney is the nominee of those next of kin and is still a stranger to the estate since he will receive nothing from its distribution. *In re Tenneson's Estate*, 18 *N. J. Misc.* 245 (*Orph. Ct.* 1940); *In re Hadfield's Estate*, 70 *N. J. Super.* 483 (*Cty. Ct.* 1961).

■ The next question to be determined is what is meant by the words "next of kin" as used in the statute. "The statutory mandate entitling next of kin to administer is limited to those next of kin who are distributees of the estate, for such is the true construction of the statutory words 'next of kin.' " *In re Fisher's Estate,* 17 *N. J. Super.* 207, 209 (*Cty. Ct.* 1952). It is undisputed that plaintiffs, Helen Brown and Josephine DeGregory are to share in the estate. Cross-plaintiff raises the point that the words "next of kin" mean the nearest relations of decedent. This is not so.

At the very least, the cases mentioned show that the meaning of "statutory distributees" is the meaning ordinarily and generally accorded to the words "next of kin" (without more), by the courts and the legal profession in this state. There are, of course, many other cases evidencing the same thing — among which may be mentioned, *Cramer v. Sharp,* 49 *N. J. Eq.* 558, 24 *A.* 962 (where the court mentions, as being next of kin of decedent, children and grandchildren); In re *Carney's Estate,* 83 *N. J. Eq.* 615, 19 *A.* 598 (similarly as to a brother and children of deceased brother); *Genung v. Best,* 100 *N. J. Eq.* 250, 135 *Atl. Rep.* 514 (brothers and sisters and children of deceased brothers and sisters); In re *Leach's Estate* (*McCawley v. Foster*) 112 *N. J. Eq.* 68 (decedent's mother and his brothers and sisters) — and similar instances could be multiplied by paging through the reports. [*Apgar v. Hoffman,* 113 *N. J. Eq.* 233, 237 (Prerog., Ct., 1933)].

This case shows that the statutory meaning of "next of kin" is not merely the closest relatives of decedent but all his relatives entitled under the statute of descent and distribution to share in the estate. The factual situation in the cited case of *Genung v. Best, supra,* is closely related to our present situation.

■ The final question to be decided is whether the nominee of a next of kin closer in relation to decedent is to be preferred over a next of kin of a remoter degree of affinity who have personally applied for the letters of administration. The answer is in the negative. *Cresse's Case,* 28 *N. J. Eq.* 236 (Prerog. Ct. 1877). In that case the mother of the decedent-intestate and two sisters of decedent both requested

that their nominee be granted letter of administration. The court made it clear that the nominee of the mother would not be appointed if the sisters had requested that the letters of administration be granted to them personally.

There two other cases which show that the right to administration is personal and if any of the next of kin apply for letters of administration they will be preferred over a stranger unless there is some disqualifying objection.

> If it shall be made to appear that it is the unanimous wish of those who are entitled to distributive shares in the estate of Joseph Wallace that Messrs. Lippincott, Heulings, and Roberts shall be appointed the administrators of the estate, I will appoint them * * * but if this desire is not unanimous, and some of the kin, well qualified to discharge the duties of the office of administrator, desire to be appointed, I cannot disregard them for strangers. *Rinehart v. Rinehart,* 12 *C. E. Gr.* (27 *N. J. Eq.*) 475. The right of the next of kin to administration is personal. *Cresse's Case,* 1 *Stew. Eq.* (28 *N. J. Eq.*) 236. It may be renounced, but it cannot be assigned or transferred. Hence the majority cannot demand the appointment of strangers. [*In re Wallace's Case,* 49 *N. J. Eq.* 530, 549 (Prerog. Ct., 1892)]

Also in *Cramer v. Sharp,* 49 *N. J. Eq.* 558 (Prerog. Ct. 1892), the court deals with our present situation.

> The right of administration grows out of the right of distribution, and consequently those who are entitled, by the statute of distribution, as to what remains as the intestate's clear estate, after payment of debts and expenses of administration, have an exclusive primary right to administration. This right, it has been held, is purely personal, not coupled with any power or right on the part of the person possessing it to nominate or select the person to be appointed. *In re Cresse's Estate,* 1 *Stew. Eq.* (28 *N. J. Eq.*) 236, 237. This is undoubtedly true where a part of the next of kin, even a majority, ask for the appointment of a stranger, against the will of one of their own number, who is willing to take the appointment, and qualified to be the appointee. [at 561]

The application of Cyril J. McCauley for letters of administration, is denied and the letters are granted to Helen Brown and Josephine DeGregory.